## NICHOLAS *v.* BALDWIN PIANO COMPANY.

[No. 9,834. Filed May 15, 1919. Rehearing denied October 16, 1919]

1. INNKEEPERS. — *Common-Law Lien.* — *Goods in Possession of Guests.*—By the adoption of the common law as part of the law of Indiana, innkeepers acquired the right to assert the common-law lien upon goods brought into the inn by a guest for board and lodging furnished the latter at his request, even though the goods were not the property of the guest, provided the innkeeper is not aware of such fact, the proviso, however, not being applicable under all circumstances where the guest was the agent or servant of the owner of the goods. p. 211.

2. STATUTES.—*Change in Common Law.*—*Presumption.*—It will be presumed that the legislature does not intend by the enactment of a statute to make any change in the common law beyond what it declares either in express terms or by unmistakable implication. p. 211.

3. STATUTES.—*Abrogation of Common Law.*—*Substitution or Repugnancy.*—An abrogation of the common law will be implied where a statute is enacted which undertakes to cover the entire subject treated and is clearly designed as a substitute for the common law, or where two laws are so repugnant that both in reason may not stand. p. 211.

VOL. 71—14.

4. INNKEEPERS.—*Right to Lien on Baggage of Guest.*—*Abrogation of Common Law.*—The enactment of §§7848-7850 Burns 1914, Acts 1897 p. 123, as amended, Acts 1911 p. 187, for the protection of innkeepers, abrogated the common-law lien in their favor, and restricts the property to which an innkeeper's lien may attach to that owned by the person creating the debt. p. 213.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by the Baldwin Piano Company against Samuel W. Nicholas. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel L. Trabue* and *William W. Lowry,* for appellant.

*John H. Kiplinger* and *Donald L. Smith,* for appellee.

BATMAN, P. J.—This is an action in replevin commenced by appellee against appellant to recover the possession of a piano and stool. The complaint is in the usual form for such an action, and was answered by a general denial. On the trial the court made a special finding of facts, and stated its conclusion of law thereon in favor of appellee. From a judgment rendered in accordance therewith, appellant has appealed, claiming that the court erred in its conclusion of law on the facts found. Appellant contends that the finding of facts shows that he had a common-law lien as an innkeeper on the property in question, which gave him a right to the possession thereof, and that the court erred in its conclusion of law to the contrary. Appellee, on the other hand, asserts that there is no common-law lien in Indiana in favor of innkeepers, and that the conclusion of law was properly stated.

The common law gives an innkeeper a lien upon the

goods brought into his inn by his guest, for board
and lodging furnished the latter at his request,
1. although the goods may not be the property
of said guest, provided the innkeeper is not
aware of such fact. This proviso, however, is not ap-
plicable under all circumstances where the guest is
the agent or servant of the owner of the goods. 22
Cyc 1090. By the adoption of the common law as a
part of the law of this state, innkeepers doing busi-
ness therein acquired the right to assert such a lien
in all proper cases, and such right still exists unless
they have been deprived thereof by legislative enact-
ment.

It is well settled in this state that it will be pre-
sumed that the legislature does not intend by the
enactment of a statute to make any change in
2. the common law beyond what it declares, either
in express terms or by unmistakable implica-
tion. *Chicago, etc., R. Co.* v. *Luddington* (1910), 175
Ind. 35, 91 N. E. 939, 93 N. E. 273. An abrogation
of the common law will be implied where a
3. statute is enacted which undertakes to cover
the entire subject treated, and was clearly de-
signed as a substitute for the common law in that
regard, or where the two laws are so repugnant that
both in reason may not stand. 8 Cyc 376; 26 Am. and
Eng. Ency. Law 665; 1 C. J. 991; 5 R. C. L. 815; *Bos-
ton Ice Co.* v. *Boston, etc., Railroad* (1913), 77 N. H.
6, 86 Atl. 356, 45 L. R. A. (N. S.) 835, Ann. Cas. 1914A
1090; *Drady* v. *District Court, etc.* (1905), 126 Iowa
345, 102 N. W. 115; *Graves* v. *Railroad* (1912),
126 Tenn. 148, 148 S. W. 239; *Raleigh Co. Bank* v.
*Poteet* (1914), 74 W. Va. 511, 82 S. E. 332, L. R. A.
1915B 928, Ann. Cas. 1917D 359; *Young* v. *Kansas*

*City, etc., R. Co.* (1889), 33 Mo. App. 509. In 1897 the legislature of this state enacted a statute for the protection of owners and keepers of hotels, inns, restaurants, boarding and eating houses, which is still in force. It contains three sections, the first of which provides a penalty for obtaining food, lodging, entertainment or other accommodations, at any of the places named above, with intent to defraud the owner or keeper thereof. The second prohibits any person boarding or lodging, or who has boarded or lodged at any of the places named above, from removing any trunk, valise or other baggage therefrom, which he may have therein, "until all claims for bills, lodging, entertainment or accommodations have been fully paid and satisfied in accordance with the regular advertised or special contract rates" thereof, and provides a penalty for its violation.

The third section provides in part as follows: "The owner or keeper of any hotel, inn, restaurant, boarding or eating house, as provided in this act, shall, after demand for payment be made of the person or persons owing any such claims or bills, as set out in the preceding section of this act, have a lien against the personal property and wages due of any person or persons who may owe said owner or keeper for food, lodging, entertainment or other accommodation, to the extent only of his said claim, and the property may be sold to satisfy such claim, by said owner or keeper after obtaining judgment for the same in any court of competent jurisdiction and posting a written notice on the outer door of his hotel, inn, restaurant, boarding or eating house, at least ten days before the day of sale at public outcry to the highest

bidder,'' etc. §§7848-7850 Burns 1914, Acts 1897 p. 123, as amended, Acts 1911 p. 187.

We will now consider whether, under the foregoing facts, a common-law lien has existed in this state in favor of innkeepers since the enactment of the statute cited. It will be observed that this statute not only designates who shall be entitled to such a lien, but also specifies the services for which such lien may be had, the property to which and the condition on which it may attach, and the manner of its enforcement; that it goes beyond the scope of the common law, by including persons not entitled to a lien thereunder, and by designating services for which a lien may be had, and property to which it may attach, not specified therein. It thus appears that the entire subject to which the statute relates is fully covered thereby. It will also be observed that, unlike the common law, it does not give the innkeeper a lien on all property brought into his inn by a guest, unless he is aware that the guest is not the owner thereof, but restricts the property to which the lien may attach, by limiting it to the property of the person indebted for the services specified. This may be taken as indicative of a legislative intent to repeal or abrogate the common law respecting innkeeper's liens. *Boston Ice Co.* v. *Boston, etc., Railroad, supra; Lord* v. *Polk Chemical Co.* (1895), 7 Del. Ch. 248, 44 Atl. 775. In view of these facts it is apparent that the statute creates a remedy in favor of an innkeeper which did not exist before, by giving him a lien against the property of a boarder as well as a guest, where such boarder is indebted to him for the services specified therein. 22 Cyc 1090; 14 R. C. L. 539. It also defines a right which theretofore existed

in his favor by enlarging it in some respects and restricting it in another. For the reasons stated it appears clear to us that the legislature in enacting the statute in question intended to cover the whole subject of the lien of innkeepers, and other persons mentioned therein, to provide a uniform right of lien for all of such persons, to define the same, and to supply an easy and adequate remedy for its enforcement. We therefore conclude that the enactment of the statute in question, by implication, abrogated the common-law lien in favor of innkeepers in this state. This conclusion finds support in the well-considered case of *Wyckoff* v. *Southern Hotel Co.* (1887), 24 Mo. App. 382, wherein the facts are strikingly similar, and in which the court said: "It would bring confusion and uncertainty into the law, to hold that a statute of this character can co-exist with the rule of the common law in respect of the lien of an innkeeper."

Appellant does not make any contention that he had a statutory lien as an innkeeper on the goods in question, and an examination of the special finding of facts discloses that any such contention would be unavailing. We therefore conclude that the court did not err in its conclusion of law, and that the judgment of the trial court must be sustained.

Judgment affirmed.

Dausman, C. J., Nichols and Remy, JJ., concur. McMahan and Enloe, JJ., concur in result.