———

(No. 13636.—Reversed and remanded.)
THE PEOPLE ex rel. Joseph Baumgardner et al. Appellees, vs. CHARLES E. SHULTZ et al. Appellants.

*Opinion filed April 21, 1921.*

1. SCHOOLS—*act of 1919 for community consolidated school districts does not change former School law.* The act of 1919 for the organization of community consolidated school districts does not change, revise or modify any provisions of the general School law but simply adds to the School law the sections enacted and specifically gives to districts organized thereunder the rights and powers of the whole act. (*People* v. *Exton, ante,* p. 119, followed.)

2. SAME—*act for community consolidated school districts is not limited to districts lying in different counties.* The act of 1919 for the organization of community consolidated school districts makes provision for the organization of districts lying in different counties, but it is not limited to such districts and may be applied to districts lying in the same county without nullifying section 46 of the general School law, as the new act merely provides an additional means for the consolidation of such districts.

3. STATUTES—*an act may provide an additional means for accomplishing purpose already provided for.* It is not an objection to an act that it provides means for accomplishing a certain purpose in addition to other means already in existence.

4. SAME—*court cannot pass upon the reasonableness of a statute if it is valid.* Whether a statute is reasonable is a question for the legislature and not for the court, and where the legislative intention is plainly expressed and the statute does not violate a constitutional provision it is the duty of the court to give effect to such intention.

APPEAL from the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding.

LIVINGSTON & WHITMORE, for appellants.

MILES K. YOUNG, State's Attorney, (JOHN J. MORRISSEY, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a suit in *quo warranto* brought against appellants, as president and members of the board of education of Community Consolidated School District No. 401, in McLean county. The information as originally filed consisted of two counts. The first was withdrawn, leaving the issues standing on the second count. The second count sets forth in detail the organization of the district under sections 84*a* to 84*g* of the School law as amended June 24, 1919. (Laws of 1919, p. 904.) Appellants demurred to this count. Their demurrer was overruled. They elected to abide their demurrer and judgment of ouster was rendered against them, and the cause was appealed to this court.

There appears to be no contention that the act of June 24, 1919, was not complied with, but it was, and is, contended by appellees that section 46 of the School law provides the only means of consolidation of school districts lying in the same county, and that no attempt was made to consolidate the two school districts under that section. Both school districts lie entirely within the limits of Funks Grove township, and it is the contention of appellees that the act of June 24, 1919, if held to be constitutional, does not apply to the consolidation of districts other than those lying in different counties. Appellees also contend that sections 84*a* to 84*g* are unconstitutional. This latter question was before this court in *People* v. *Exton,* (*ante,* p. 119,) where practically the same grounds were urged and appellees' contention was there decided otherwise. It was there held that although the act was referred to as an act to amend the general School law, it in fact does not change, reform, revise, correct or modify any provisions of the general School law or purport by its language to do so; that it simply adds to the School law the sections there enacted

and specifically gives to the districts organized thereunder the rights and powers of the whole act.

Concerning appellees' contention that this law, if held to be constitutional, nevertheless does not apply to the consolidation of the school districts lying within the same county, the argument is that it is manifest from the act itself that it was intended to apply only to territory or districts involving the rights or the jurisdiction of more than one county superintendent of schools; that to hold that it applies to districts lying within one county would be, in effect, to say that this act repealed section 46 of the School law by implication, which is not favored, and that had the legislature intended the repeal of said section it would have referred to such repeal in apt terms. We are unable to see the force of this argument. It was evident that the legislature, in enacting sections 84*a* to 84*g* of the School law, intended to add other means than those existing by which consolidation of school districts may be had, and the fact that it made provision for the consolidation of such districts as lie in different counties, which was not provided for in section 46, does not establish that the legislature intended to repeal section 46 or that the application of the act is limited to such districts. Section 84*a* provides that "any compact and contiguous territory bounded by school district lines may be organized into a community consolidated school district," in accordance with the provisions of sections 84*c*, 84*d*, 84*e*, 84*f* and 84*g* of the act. The language "any compact and contiguous territory bounded by school district lines" means exactly what it says. There is no limitation in the act concerning county lines as applied to the territory which may be consolidated into a community school district, and had the legislature intended that the act should apply only to districts lying in two or more counties, the simplest thing it could have done would have been to say so. The act of June 24, 1919, granted additional means for the consolidation of school districts. It

is not an objection to an act that it provides means for accomplishing a purpose in addition to other means already in existence.

It is also urged that to construe this act as applicable where the districts sought to be consolidated lie within the same township would render the act unreasonable, for the reason that any school district can compel a less populous district to consolidate with it by simply out-voting such district. It has been many times held by this court that it can have nothing to do with the reasonableness or un-reasonableness of an act of the General Assembly. What legislation is reasonable is a question for that body and not for the courts. The courts cannot say that the legislature did not mean what in plain language is expressed in the statute as its intention, and where the statute does not vio-late a constitutional provision it is the duty of this court to give effect to such intention though evil consequences may result. *Higgins* v. *Sweitzer,* 291 Ill. 551; *Catholic Bishop* v. *Village of Palos Park,* 286 id. 400; *Illinois Electric Co.* v. *Town of Cicero,* 282 id. 468.

It is urged by appellants, and not without force, that to construe this act as applying only to those districts lying in two or more counties would give to such districts rights and privileges under such consolidation not granted to con-solidated school districts lying within one county, thus con-stituting the act class legislation. It appears to be conceded that if the act of June 24, 1919, be constitutional and ap-plicable to the situation in the case at bar the district is valid. For the reasons herein expressed we are of the opin-ion that the district was legally organized.

The circuit court erred in overruling appellants' demur-rer to the information. For this error the judgment of that court is reversed and the cause remanded, with directions to sustain appellants' demurrer.

*Reversed and remanded, with directions.*