E. S. LYONS, Plaintiff in Error, *vs.* THE PEOPLES BANK OF LEXINGTON, Defendant in Error.

*Opinion filed April 24, 1925.*

1. MORTGAGES—*chattel mortgage statute must be strictly construed.* The statute relating to chattel mortgages is in derogation of the common law and must be strictly construed.

2. SAME—*section 2 of Mortgage act requires chattel mortgage to be acknowledged before justice of peace where mortgagor resides.* Section 2 of the Mortgage act, as amended in 1915 by striking out the words "of the county," requires that a chattel mortgage, when acknowledged by the mortgagor before a justice of the peace, must be acknowledged before a justice of the peace of the town where the mortgagor resides.

3. STATUTES—*bad legislation cannot be remedied by construction.* If the enforcement of a statute results in evil consequences the remedy must be in the legislature, as the courts have no authority to read into an act words which the legislature has not put there.

HEARD, J., took no part.
STONE, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the County Court of McLean county; the Hon. WILLIAM C. RADLIFF, Judge, presiding.

A. M. HESTER, and WILLIAM R. BACH, for plaintiff in error.

OGLEVEE & FRANKLIN, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The sole question presented for decision in this case is whether a chattel mortgage, to be valid as against the rights and interests of third persons when acknowledged by the mortgagor before a justice of the peace, must be acknowl-

edged before a justice of the peace of the town where the mortgagor resides. The county court of McLean county and the Appellate Court for the Third District have answered the question in the affirmative. The question is here by *certiorari* for our decision.

Section 2 of the Mortgage act provides: "Such instruments [mortgages on personal property where the property remains in the possession of the mortgagor] shall be acknowledged before a justice of the peace or the county judge where the mortgagor resides," etc. This section of the Mortgage act is in lieu of the same section in the Revised Statutes of 1845. It originally provided: "Any mortgagor of personal property may acknowledge such mortgage before any justice of the peace in the justice's district in which he may reside." This act was carried into the revision of 1874. In 1881 it was amended to read: "Such instrument shall be acknowledged before a justice of the peace of the town or precinct where the mortgagor resides." After the amendment of 1903 it read: "Such instrument shall be acknowledged before a justice of the peace of the county where the mortgagor resides." In 1905 the act was amended to read: "Such instruments shall be acknowledged before a justice of the peace or the county judge of the county where the mortgagor resides." The act was amended in 1915 by striking out the words "of the county," and it is the act as amended in 1915 that we are asked to construe.

Prior to 1903 a chattel mortgage acknowledged before a justice of the peace of a town other than the town of the mortgagor's residence was void as against the rights and interests of third persons. (*Frank* v. *Miner*, 50 Ill. 444; *Henderson* v. *Morgan*, 26 id. 431.) In 1903 the mortgagor was given the right to acknowledge the mortgage before any justice of the peace of the county. Prior to the amendment of 1915 section 2 of the Mortgage act was clear in

designating the officer before whom the mortgage could be acknowledged, but as it now stands it is ambiguous. Our statute relating to chattel mortgages is in derogation of the common law and it must be strictly construed. If any meaning is to be given to the language of section 2 requiring the acknowledgment of mortgages "before a justice of the peace * * * where the mortgagor resides," it must be held to mean a justice of the peace of the town where the mortgagor resides. This was the requirement of the statute before the amendment of 1903, and the fact that the legislature by the amendment of 1915 omitted the phrase "of the county," indicates that it intended to return to the law as it existed prior to the amendment of 1903, which was the first to permit any justice of the peace of the county to take the acknowledgment. It must be held that the legislature intended to make some change in the law when it amended it in 1915 by omitting the phrase "of the county," and the only change it could have intended by such omission was to re-instate the old requirement providing for the acknowledgment before a justice of the peace of the town where the mortgagor resided.

It is argued by plaintiff in error that such a requirement is unreasonable and that it will not be assumed that the legislature would make a requirement which had no basis in reason. Whether the requirement that a chattel mortgage shall be acknowledged before a justice of the peace and a memorandum thereof entered in the docket of the justice is based on reason or serves any useful purpose is a matter for the legislature to decide. This court does not make the laws, nor does it have authority to read into a statute language which the legislature has not put there. The legislature has said in plain language that when a chattel mortgage is acknowledged before a justice of the peace it must be a justice of the peace where the mortgagor resides. If the enforcement of the statute results in evil consequences the remedy must be in the legislature. *People* v.

*Shultz,* 298 Ill. 125; *Clark Co.* v. *Industrial Com.* 291 id. 561; *Illinois Western Electric Co.* v. *Town of Cicero,* 282 id. 468.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.

Mr. JUSTICE STONE, dissenting.