UNIVERAL DISCOUNT CORPORATION *v.* BROOKS ET AL.

[No. 17,234. Filed December 19, 1944. Rehearing denied January 23, 1945. Transfer denied May 11, 1945.]

*Plumber & Plumber,* of Wabash, and *Lester C. Morris,* of Indianapolis, for appellant.

*George D. Garber, Kenneth King,* and *George P. Smith,* of Wabash, and *Sarah Kilton Kline* and *Donald R. Mote,* of North Manchester, for appellees.

DRAPFR, C. J.—The appellant, Universal Discount Corporation, brought an action against the defendant, Hoosier Brake Lining Corporation, to recover on a promissory note for $6,000 representing money loaned, and to foreclose a chattel mortgage on certain personal property of the defendant given to secure said note.

In another action later filed against the defendant by Nashua Package Sealing Company, a Receiver was appointed for the defendant with its consent, and the two causes were consolidated. Thereafter, by agreement of all parties, the mortgaged property was sold by the Receiver free of liens, the lien of the mortgage, if any, to follow the proceeds. The mortgaged property brought more than enough to satisfy the mortgage but the proceeds of the sale of all of defendant's assets were insufficient to pay claims in full.

Many claims of various types were filed and the Receiver petitioned the court to determine the priority standing of all claiming creditors, whereupon notice was given, issues formed and a hearing had for that purpose.

The mortgage was properly signed, but not acknowledged in accordance with the requirements of § 7, ch. 147, Acts 1935 (§ 51-507, Burns' 1933 [Supp.] Vol. 10). It was nevertheless filed and indexed on June 16, 1942, the day following its making, in the office of the Recorder of Wabash County as provided in §§ 9 and 10 of the Act (§§ 51-509 and 51-510, Burns' 1933 [Supp.] Vol. 10).

The court held the mortgage to be invalid and that it created no lien on or against the property therein described as against defendant's creditors. It allowed appellant's claim only as a general claim on an equality with the claims of other general creditors both prior and subsequent to the making and attempted filing of the mortgage. The appellant contends that the lien of its mortgage should have been given priority over all creditors either existing or subsequent.

Appellant assigns as error the overruling of its motion for new trial, which asserts that (1) the finding of the

court is not sustained by sufficient evidence and (2) the finding of the court is contrary to law, and it is first contended that the motion raises no question because of the employment therein of the word "finding" rather than the word "decision." This contention is without merit. Watson's Revision of Works Practice, Vol. 2, Section 1997. See also *Heekin Can Co.* v. *Porter* (1943), 221 Ind. 69, 46 N. E. (2d) 486.

A decision of this case necessitates the construction of the Chattel Mortgage Act of 1935 above referred to. By § 20 of the Act all laws or parts of laws in conflict, including the Acts of 1897, page 240, 1 Revised Statutes of 1852, page 299, § 10 (§ 33-301, Burns' 1933), are repealed. The statutory law of this state with regard to chattel mortgages is therefore embraced within the Act to be construed.

Section 7 of the Act provides that: "Execution-Acknowledgment. Any chattel mortgage or other instrument given pursuant to this act shall be executed by the mortgagor by proper signature thereto and duly acknowledged before an officer authorized to make acknowledgment of instruments in writing duly indorsed thereon." The lien of a chattel mortgage, being one independent of possession of the chattel, was unknown to and is in derogation of the common law, and the legislation in question is therefore subject to strict construction, and in cases of doubt, that construction will be given which accords with the common law, *Helms* v. *American Security Co.* (1939), 216 Ind. 1, 22 N. E. (2d) 822; *Kahriman* v. *Jones* (1928), 203 Cal. 254, 263 P. 537; *Lyons* v. *Peoples Bank of Lexington* (1925), 317 Ill. 44, 147 N. E. 398, and common law rights will not be affected unless the legis-

lative intention so to do plainly appears from the express words of the statute or by necessary implication. *Concrete Steel Co.* v. *Metropolitan, etc., Co.* (1933), 95 Ind. App. 649, 173 N. E. 651.

That a chattel mortgage given pursuant to the Act must be acknowledged is a positive requirement of the statute, and in our opinion a failure to do so ▮ goes to the validity of the instrument. The courts of this state have consistently held there must be a strict compliance with the terms of the statutes governing chattel mortgages or no claim under such an instrument may be asserted against any person not a party thereto. *Roudebush* v. *Nash* (1931), 93 Ind. App. 283, 177 N. E. 335. The Act makes repeated reference to instruments executed "under and pursuant to this Act." Nowhere does the Act give or suggest the giving of any virtue as a chattel mortgage to any instrument not so executed. The section above quoted makes it plain that by "execution" is meant the proper signature of the mortgagor *and* due acknowledgment thereof before a qualified officer duly endorsed thereon. In dealing, as here, with the rights of third parties, this court can by judicial construction no more dispense with a positive requirement of acknowledgment than could we dispense with the necessity that the instrument be signed, or for that matter that it be in writing.

We are, therefore, of the opinion that to be valid under this Act, a chattel mortgage must be signed and acknowledged in accordance with the Act, and if ▮ it is not so signed and acknowledged, it is invalid as to those not parties or privies to it. *Kimball Co.* v. *Polakow* (1915), 268 Ill. 344, 109 N. E. 313.

Nor are the provisions of Section 4 helpful to the Appellant. Under prior law the acknowledgment of a

chattel mortgage has been held in this state ▮▮▮▮▮ to be a condition precedent to the recording of it, *Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 104 N. E. 82, and we believe the same is true under this Act with regard to the filing of it, particularly when it is remembered that Section 9 of the Act, although not indicating that acknowledgment is necessary only to entitle the instrument to be filed, does make provision for the filing only of a chattel mortgage "executed under and pursuant to this act," and so in this case the mortgage must be considered as never having been filed. Instead, therefore, of being executed *and* filed so as to have the priority of lien accorded by the first sentence of Section 4, it was neither executed *nor* filed; nor can it occupy the status of an unfiled mortgage in accordance with the second sentence of the section, for that has reference only to a mortgage which, although entitled to be filed, has not been filed.

Our attention has been called to a number of cases dealing with mortgages of real estate, of which *Hutchinson, Assignee,* v. *The First National Bank of Michigan City* (1892), 133 Ind. 271, 30 N. E. 952, and *American Trust, etc., Bank* v. *McGettigan, Rec.* (1899), 152 Ind. 582, 52 N. E. 793, are typical, and which are to the general effect that in the absence of fraud, such instruments executed to secure a loan are valid as against existing creditors though not recorded and though accompanied by an agreement that they should not be. These cases are not helpful, for in them there was no question of the validity of the instrument, and moreover they were decided under a statute substantially like the present § 56-119, Burns' 1943 Replacement, which extends no protection to general creditors.

The conclusions reached dispose of all questions raised by the appellant and make it unnecessary to consider the

cross error assigned by the appellee United States of America.

Judgment affirmed.

NOTE.—Reported in 58 N. E. (2d) 369.