BENEFICIAL FINANCE CO. ETC. *v.* NELSON.

[No. 19,051. Filed October 30, 1958.]

*Kroger, Gardis & Regas, R. M. Kroger,* of Indianapolis and *Sam Blue,* of Martinsville, for appellant.

*Grafton J. Kivett,* of Martinsville, for appellee.

CRUMPACKER, J.—The facts giving rise to this litigation are as follows: The appellee Dorothy Nelson is a widow. Sometime before his death her late husband Edgar Nelson purchased a 1953 two-door Mercury sedan from Strickland Motors, Inc. of Indianapolis for $3,087.53 on which he received a trade-in credit of $1,700.53. The balance of the purchase price in the sum of $1,387.00 together with financing and insurance charges in the sum of $166.44 was secured by a conditional sales contract wherein the seller retained title to the automobile until said unpaid balance of $1,553.44 was fully paid at the rate of $64.72 per month. This contract was duly sold and assigned by Strickland Motors, Inc. to Universal C. I. T. Credit Corporation to whom Edgar Nelson made the specified monthly payments until June, 1955 thereby reducing the unpaid balance to $129.06. On June 10, 1955, he borrowed $500.00 from the appellant evidenced by a promissory note in that amount and secured by a chattel mortgage on the automobile in controversy. This mortgage was not recorded and three days after its execution Edgar Nelson died intestate leaving the appellee, his widow, as his sole and only heir at law. She thereupon paid the small balance in the sum of $129.60 due Universal C. I. T. Credit Corporation and that company surrendered to her a bill of sale from Strickland Motors, Inc., the seller, to Edgar Nelson, the buyer, which it had retained pending payment in full for the car involved. On the same day she took the bill of sale to the Department of Motor Vehicles of Indiana and upon her affidavit that she was the

sole and only heir of Edgar Nelson said department issued a certificate of title in her name. Upon the failure of Edgar Nelson to meet the August, 1953 payment due on the appellant's note and mortgage heretofore described the appellant, upon investigation, learned of Nelson's death. It eventually located the automobile in Morgan County, Indiana, in the appellee's possession. A demand that she pay the note and mortgage or surrender the car was made but the appellee refused to do either and this suit followed. It is an action in replevin based on the provisions in the chattel mortgage giving the appellant the right to take possession of the mortgaged property upon default in the payment of any installment of the mortgage debt. The finding of the Morgan Circuit Court was against the appellant on its complaint and it was adjudged that the appellee was entitled to the possession of the automobile in suit. At the time of his death Edgar Nelson left household goods, an equity in the house where he lived valued at $1,150.00 and his interest, as above indicated, in the automobile in controversy. No formal administration of his estate was ever had.

The appellee defended this action on the theory that: (1) The appellant's chattel mortgage, being unrecorded, was invalid as to her because she is neither the mortgagor nor privy to the mortgagor; (2) that she took the automobile in satisfaction of her statutory allowance and not as the decedent's heir and therefore her ownership was not subject to the appellant's unrecorded mortgage. The trial court concluded that this was a valid defense and judgment went accordingly. The appellant, however, insists that said judgment is not supported by sufficient evidence and is contrary to law because even though its mortgage was unrecorded

and granting that the appellee took the automobile involved in satisfaction of her widow's allowance she still took it subject to the lien of the appellant's mortgage.

With respect to unacknowledged and unrecorded chattel mortgages and their validity this court laid down the general rule in *Maple* v. *Seaboard Surety Company* (1947), 117 Ind. App. 627, 73 N. E. 2d 80, wherein we said:

"We recognize that as to third parties without notice these instruments have no validity as chattel mortgages because they are neither acknowledged nor filed as required by the Chattel Mortgage Act of 1935. §51-501 *et seq.*, Burns' 1933 (Supp.). *Universal Discount Corp.* v. *Brooks* (1945), 115 Ind. App. 591, 58 N. E. 2d 369. It is the general rule, however, that between the parties and their privies an unacknowledged and unrecorded contract may be a valid and binding chattel mortgage. 14 C. J. S. Chattel Mortgages, §82, p. 694. We have been referred to no decision of this or the Supreme Court, nor do we know of any, construing the Chattel Mortgage Act of 1935 as abrogating the general rule. The appellants urge that *Universal Discount Corp.* v. *Brooks, supra,* so holds because of the statement therein that 'Nowhere does the Act give or suggest the giving of any virtue as a chattel mortgage to any instrument not so executed,' i.e., duly acknowledged and filed. This statement, isolated and standing alone, would seem to support the appellants' contention but when we consider it in its context, as we must, it is clear that its application is limited to those persons who are not parties or privies to the instrument involved."

This brings us to a consideration of the appellee's contention that the appellant's mortgage, being unrecorded, is void as to her because her interest in the mortgaged property is wholly independent of any privity between her and the mort-

gagor, her husband. In support of this position she contends that the undisputed evidence shows that she took the automobile in dispute, not as the heir of her late husband but in satisfaction of the $1,000.00 allowance the statute gives her as his widow. It seems to us that the manner or way in which the appellee took said automobile has little to do with the question as to whether or not she was in such privity with her husband as to be bound by the appellant's chattel mortgage. This court, in *Cooper* v. *Tarpley* (1942), 112 Ind. App. 1, 41 N. E. 2d 640, approved the following definition of privity:

> " 'Privity denotes merely a succession of relationship to the same thing, whether created by deed or by other act, or by operation of law . . . All that is necessary to privity between successive occupants of property is that one receive his possession from the other by some act of such other or by operation of law, . . .' "

Certainly the appellee's interest in and possession of the automobile in dispute was derived from her husband, the appellant's mortgagor, by operation of law whether she took as an heir or by virtue of her widow's statutory allowance. It has been held that privity denotes mutual or successive relationship to the same rights of property. This relationship is produced either by operation of law, by descent, or by voluntary or involuntary transfers, so that privies have been classified as privies in law, privies in blood and privies in estate. *Allen* v. *Birch,* 129 Kan. 351, 282 P. 737, 740.

Upon her own theory the appellee, in relation to the appellant's mortgage, was a privy in law with the mortgagor, her husband. The mortgage is binding on her and under its terms the appellant had the right to repossess the subject automo-

bile. In *Recker* v. *Kilgore* (1878), 62 Ind. 10, Kilgore sued to replevin certain personal property which had been set off to Recker in satisfaction of the widow's allowance. Recker filed answer that Kilgore's right to possession of the disputed property was based wholly upon a "pretended chattel mortgage." Notwithstanding the charge that the mortgage upon which Kilgore relied was a mere pretense the court sustained a demurrer to the answer. In review of this ruling the Supreme Court said:

"At the time the deceased, Recker, executed the chattel mortgage mentioned in the answer, he had the power and the right to thus incumber the property mentioned in it. It is not claimed that the mortgage was not executed upon a valid consideration. His death did not free the property from the lien. The property was properly given to his widow, but she took it subject to the incumbrance. The paragraphs of answer show nothing in bar of the right of Kilgore, the mortgagee, to replevy the property. The widow may redeem the property by paying the incumbrance; or, probably, might procure it to be sold to pay the mortgage, she receiving the proceeds of the sale over and above paying the mortgage debt. The widow was not bound under the circumstances of this case to pay the deceased husband's debts, but she was bound to remove legal and valid liens he had placed upon his property or suffer said property to be taken for the payment thereof."

Judgment reversed and cause remanded with instructions to sustain appellant's motion for a new trial.

Note.—Reported in 153 N. E. 2d 613.