DELMA COOK, ADMINISTRATRIX OF THE ESTATE OF SHIRLEY ANN MERCHANT, DECEASED *v.* MERCURY LUMBER COMPANY.

[No. 2-275A20. Filed January 17, 1977.]

*F. Boyd Hovde, Townsend, Hovde & Townsend,* of counsel, of Indianapolis, for appellant.

*Howard J. DeTrude, Jr., Robert J. Wampler, Kightlinger Young Gray & DeTrude,* of Indianapolis, for appellee.

### STATEMENT OF THE CASE:

LOWDERMILK, J.—This case was transferred from the Second District to this office in order to lessen the disparity in caseloads among the districts.

Plaintiff-appellant, Delma Cook, administratrix of the estate of Shirley Ann Merchant (Delma), appeals from the judgment of the trial court dismissing count two of her complaint which in essence averred, *inter-alia,* that defendant-appellee, Mercury Lumber Company (Mercury), was liable to decedent's estate for the death of Shirley Ann Merchant because of the negligent operation of a vehicle by Henry Merchant, an employee of Mercury, in which Shirley was traveling as a guest.

Mercury argues that the trial court properly dismissed count two of Delma's complaint because of her failure to aver therein that the negligent driving of the Mercury employee amounted to "wanton or wilful misconduct." IC 1971, 9-3-3-1 (Burns Code Ed.) provides as follows:

"Guest of owner or operator—Right to damages.—The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the *wanton or wilful misconduct* of such operator, owner, or person responsible for the operation of such motor vehicle." (Our emphasis.)

## ISSUES:

Delma presents the following three issues for our review:

1. Does the Indiana Guest Statute violate Art. I, § 23 of the Indiana Constitution or Amendment XIV, § 1 of the United States Constitution?

2. Does the Indiana Guest Statute violate Art. I, § 12 of the Indiana Constitution?

3. Does the Indiana Guest Statute violate Art. I, § 20 of the Indiana Constitution?

## DISCUSSION AND DECISION:

Subsequent to counsel's perfecting this appeal the Indiana Supreme Court decided the cases of *Sidle* v. *Majors* (1976), 264 Ind. 206, 341 N.E.2d 763 and *Brady* v. *Acs* (1976), 264 Ind. 285, 342 N.E.2d 837. These cases held that IC 1971, 9-3-3-1, *supra*, did not deny a guest equal protection of the law under the United States Constitution Amendment XIV, § 1, or the Indiana Constitution, Art. I, § 23, nor due process of law under the Indiana Constitution, Art. I, § 12.

Therefore, it is unnecessary for this court to dwell further upon Delma's first two assignments of error.

Delma also argues that the Indiana Guest Statute violates the Indiana Constitution, Art. I, § 20. This section of our Constitution preserves the right of trial by jury in all civil cases.

We are of the opinion that the Indiana Guest Statute does not violate Indiana Constitution Art. I, § 20. When enacting IC 1971, 9-3-3-1, *supra,* our legislature saw fit to modify the common law which allowed a guest to bring suit against his host on a theory of simple negligence. Our legislature clearly has the power to modify common law remedies. *Sidle* v. *Majors, supra,* at p. 766; *State ex rel. Beedle* v. *Schoonover* (1893), 135 Ind. 526, 35 N.E. 119. Inasmuch as the legislature has the power to modify or abolish common law remedies and in this case the common law remedy was only modified by the legislature as to guest cases in requiring that the party sought to be held liable must be guilty of wanton or wilful misconduct before his guest may recover for the alleged wrongful acts, the legislature did not abolish the right to jury trial as charged. Rather, the legislature changed the standard which the court or jury is to apply in determining liability in guest cases. IC 1971, 9-3-3-1, *supra.*

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 359 N.E.2d 600.