John H. OCH, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2-581A168.

Court of Appeals of Indiana,
Second District.

June 8, 1982.

Frank M. Maley, Charles E. Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

BUCHANAN, Chief Judge.

The State of Indiana (State) petitions for rehearing on our decision of January 28, 1982 (reported at 431 N.E.2d 127, Ind.App.) reversing the trial court's conviction of John H. Och, Jr. (Och) on charges of failure to collect full premium for a bail bond. (I.C. 35–4–5–40).

Petition for rehearing denied.

Och's conviction arose as a result of his acceptance of $500.00 in cash and an automobile title certificate as payment for a bail bond premium of $750.00. Although not addressed at trial or on appeal, the State now assails the grounds for our reversal of Och's conviction by arguing that the title certificate received by Och was worth less than $250—a negative burden of proof which the State failed to carry because there was not even a scintilla of evidence presented indicating anything other than that the automobile was worth $250.00 or more.[1] Thus, there was insufficient evidence to convict.

As conceded by the State in its brief on rehearing, the regulatory scheme governing bail bondsmen "is less than perfectly clear." (State's rehearing brief at 5). Because 760 IAC 1–6–16(k) provides for the guaranty of premium, and the statute, I.C. 35–4–5–40, under which Och was prosecuted does not proscribe the receipt of money or money's worth for such premium, we concluded that Och's conduct, absent proof that the present value of the lien interest he received was less than $250, was not unlawful. In making this determination we looked not to "promises made," but to the State's failure to present any evidence regarding the present value (or lack thereof) of what Och received.

Insofar as the scope of our inquiry is concerned, the fact Och did not complete the lien blank on the Certificate of Title is immaterial. A lien interest passed between the parties:

A security agreement is effective according to its terms between the parties. Ind. Code 26–1–9–201. The executed lease-security agreement is binding between the parties regardless of the perfection of a financing statement. *Beneficial Finance Co. of Indianapolis v. Nelson,* (1958) 129 Ind.App. 23, 153 N.E.2d 613.

*Bolen v. Mid-Continent Refrigerator Co.,* (1980) Ind. App., 411 N.E.2d 1255, 1258. *See also, McTaggart v. Rose,* (1860) 14 Ind. 230. Thus, whether or not the lien was formally perfected has no effect on the State's failure to prove that Och received less than a $250 present interest in the form of the certificate.

Yet another source of guidance regarding the efficacy of incomplete instruments is found in the law regarding commercial paper. I.C. 26–1–3–115 provides that

When a paper whose contents at the time of signing show that it is intended to

---

1. The State also makes a factual argument regarding ownership of the car. As stated in our opinion, Sandy Kay Griffin (Griffin) the person whose name was on the title certificate as buyer, delivered the certificate to Och, on behalf of Scott Leppard (Leppard). Given the fact both Griffin and Leppard agreed to the delivery of the certificate to Och, it is of no legal significance to whom the car belonged. Och took the certificate with owner's full knowledge of and consent to the arrangement entered into.

become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.

Because Och was authorized by Leppard and Griffin to take a present interest in the car, he had the requisite authority to complete the certificate. Its receipt by Och was similar to the receipt of a blank check. A valuable present interest was conveyed to him via the certificate. *Gothrupt v. Williamson,* (1878) 61 Ind. 599.

 We should add that our belief is unshaken that the unanimous supreme court decision in *State v. Bigbee,* (1973) 260 Ind. 90, 292 N.E.2d 609, is supportive of our holding. That case construed the *same* statutory language and the *same* regulations in determining that the full premium requirement was not unconstitutionally vague. In doing so credit bonding was again declared to be illegal (*see, Uhlir v. Ritz,* (1970) 255 Ind. 342, 264 N.E.2d 312). Justice Hunter carefully pointed out that penal statutes must be strictly construed against the State in seeking the legislative intent. In so doing there is no inkling in *Bigbee* that a full premium may not consist of money or money's worth. The full premium statute reasonably lends itself to such an interpretation. If the legislature so desires it may at any time amend the law to require cash only. It has chosen not to do so in a provision which speaks only of "collecting in full a premium . . . ."

The evidence before the trial court was insufficient. Accordingly, we deny the State's petition for rehearing.

PETITION DENIED.

SHIELDS, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

I respectfully dissent.

It is my view that in light of 760 IAC 1–6–16(k), coupled with *State v. Bigbee,* (1973) 260 Ind. 90, 292 N.E.2d 609 no criminal violation has occurred when a bond is executed in return for a secured promise to pay the full premium.

However, it is not so clear to me that the trier of fact was required, as a matter of law, to find that the uncompleted lien portion of the title conferred an interest as opposed to creating a mere capability of perfecting an interest. Further, I am not convinced that the trier of fact was compelled as a matter of law to find that the State did not carry its burden of proof. The State may well have proved the essential element by pointing to the instrument in evidence. The trial court may have concluded that the instrument had no value, in relationship to the value of the vehicle, because incomplete. Such conclusion might well be considered to satisfy the burden of the State to prove a negative. At least I would afford the State an opportunity to persuade us of that. Accordingly, I would grant oral argument upon the State's Petition for Rehearing.