**STATE FARM FIRE & CASUALTY COMPANY, et al., Appellants (Plaintiffs Below),**

v.

**STRUCTO DIVISION, KING SEELEY THERMOS COMPANY, Appellee (Defendant Below).**

**No. 54A01–8804–CV–00113.**

Court of Appeals of Indiana, First District.

Nov. 7, 1988.

Peter G. Tamulonis, John N. Thompson, Steven E. Springer, Thomas J. Jarzyniecki, Jr., Kightlinger & Gray, Indianapolis, for appellants.

W. Brent Threlkeld, Rocap, Witchger & Threlkeld, Indianapolis, for appellee.

ROBERTSON, Judge.

Appellants-plaintiffs, State Farm Fire and Casualty, et al. (State Farm), appeal from the trial court's granting of Structo Division's (Structo) motion for judgment on the evidence.

We affirm.

Structo was the manufacturer of a propane gas grill which was being used by Glen and Pat Foster on the balcony of their second floor apartment, when a fire started at a connection of the grill, and spread to surrounding apartments resulting in sub-

stantial property damage. The fire occurred on August 26, 1983. Plaintiff insurance companies are insurers of the owner of the real property and of tenants to whom they paid claims.

A jury trial began in which the only defendant remaining in the litigation was Structo. State Farm's claim was based only on strict products liability. Structo moved for judgment on the evidence at the close of State Farm's case. The court granted the motion, determining that State Farm's insureds, during the time in which the action accrued, were neither users nor consumers entitled to bring an action under the Products Liability Act.

█ The sole issue presented in this appeal is whether the provisions of the 1978 Indiana Products Liability Act encompass only users and consumers as the act expressly defines them, thereby excluding State Farm from those who may maintain a cause of action in products liability.

In 1970, Indiana adopted § 402A of the Restatement (Second) of Torts (1964) which provides for strict liability against a seller who markets a product in a defective condition which causes physical harm to the user or consumer of the product. *Cornette v. Searjeant Metal Products, Inc.* (1970), 147 Ind.App. 46, 258 N.E.2d 652. Six years later the court of appeals held that bystanders whom the seller should reasonably foresee as being subject to harm caused by a defective product are entitled to assert strict liability against a seller. *Chrysler Corporation v. Alumbaugh* (1976), 168 Ind.App. 363, 342 N.E.2d 908 *modified on other grounds*, 168 Ind.App. 363, 348 N.E.2d 654; *Gilbert v. Stone City Construction Co., Inc.* (1976), 171 Ind.App. 418, 357 N.E.2d 738.[1] Hence, when the General Assembly enacted Indiana's Products Liability Statute effective in 1978, the state courts had explicitly extended the class of persons entitled to protection to bystanders. The Products Liability Statute was a codification and restatement of the adopted common law of the state. *Thiele*

1. The year before an Indiana court formally adopted § 402A, a federal district court discerned that Indiana would follow 402A, and that it would allow bystanders to recover as well as users and consumers. *Sills v. Massey–Ferguson* (N.D.Ind.1969), 296 F.Supp. 776, 782.

*v. Faygo Beverage, Inc.* (1986), Ind.App., 489 N.E.2d 562. IND.CODE 33-1-1.5-3 (1978). I.C. 33-1-1.5-3 allowed recovery to a user or consumer, which was defined at I.C. 33-1-1.5-2 as:

> A purchaser; any individual who uses or consumes the product; or any person who, while acting for or on behalf of the injured party, was in possession and control of the product in question.

The act was amended in 1983, in part adding to the definition of user or consumer, "any bystander injured by the product who would reasonably be expected to be in the vicinity of the product during its reasonably expected use."

State Farm asserts that the legislature's 1983 amendment of the act evidences its intent all along to include bystanders in the 1978 act. Structo counters that the amendment was merely a change in the 1978 enactment which expanded the class of persons who were entitled to protection under the statute.

State Farm proffers *DeHoyos v. John Mohr & Sons* (N.D.Ind.1984), 629 F.Supp. 69 as direct authority for reversal in this case. In *DeHoyos*, plaintiffs, who were bystanders, argued that because they were not included in the class of plaintiffs under the 1978 Act, the statute of repose would not apply to them. When *DeHoyos* was decided, the legislature had amended the act to include bystanders. The district court held that the amendment was a formal expression of the legislature's intent to include bystanders at the law's original enactment.

■ We decline to follow the *DeHoyos* case, and we are within our authority in so rejecting. A federal court's interpretation of a state statute is not controlling. *Ernst & Ernst v. Underwriters National Assurance Company* (1978), 178 Ind.App. 77, 381 N.E.2d 897. The *DeHoyos* court's solitary analysis of this difficult problem was its conclusion that *Chrysler, supra,* and *Gilbert, supra,* the 1976 cases decided before the *original* enactment, could be taken as an indication that bystanders were intended to be included under the 1978 Indiana products liability statute. Naturally, these cases are expressions of the policy of our courts in allowing bystanders the same ability to recover as users and consumers; still, the cases cannot be said to reflect legislative intent in 1978.

Thus, we are called upon to decide a difficult question of statutory construction. State Farm contends that it is inconceivable that the legislature could have intended to cut off a bystander's cause of action when the public policy of the State was so clearly expressed for years prior to that. Yet, the legislature is vested with the power to change, modify or abrogate common law. *Cook v. Mercury Lumber Co.* (1977), 171 Ind.App. 668, 359 N.E.2d 600. Fundamental rules of common law may only be modified by statute in clear and concise expression. *Universal Discount Corp. v. Brooks* (1944), 115 Ind.App. 591, 58 N.E.2d 369. We presume that the legislature does not intend by the enactment of a statute to make any change in the common law beyond what it declares either in express terms or by unmistakable implication. *Grusin v. Stutz Motor Car Co. of America* (1933), 206 Ind. 296, 187 N.E. 382; *Nicholas v. Baldwin Piano Co. of America* (1919), 71 Ind.App. 209, 123 N.E. 226. These rules are easily uttered but do not admit of clear application. Upon examining the wording of the 1978 Products Liability Act and the common law when the statute was enacted, we conclude that the legislature did not include bystanders in the class of persons who may recover under the act. Moreover, we are not convinced that we are empowered to remedy an "oversight" of the legislature under the rubric of ascertaining legislative "intent."

When the General Assembly enacted the Products Liability Act, our state had adopted Restatement's 402A at least eight years previously. The Restatement explicitly excludes bystanders, terming them "non-users" or "non-consumers" from the class of plaintiffs covered under the rule, although the Institute expressed no opinion whether bystanders *ought* to be able to recover.

Yet, from the time Indiana adopted Restatement § 402A, federal authorities had

posited that Indiana would allow bystanders to recover in addition to those falling into the category of user or consumer. *Sills, supra.* Thus, courts had never considered bystanders to be in the class of users and consumers. Although it is plausible that the legislature enacting the 1978 law may have overlooked bystanders in the Act, it could not have put the terms user and consumer to any broader use than had the Restatement and the ensuing common law of Indiana. User or consumer has never meant bystander. The 1978 Act does not admit to differing interpretations, the letter of the Act is clear. It includes only users and consumers in the class of plaintiffs. Moreover, it is fallacious for State Farm to argue, as it does, that the legislature could not have intended to create a gap between 1978 and 1983 during which bystanders could not recover, since the 1978 General Assembly could not have known what course a different General Assembly would take five years from then.

■ Finally, we are not convinced that the 1983 amendment is evidence of the legislature's intent at the original enactment of the statute, although there is authority for construing statutes that way. *American Underwriters Group v. Williamson* (1986), Ind.App., 496 N.E.2d 807, 809; *United States Fidelity and Guaranty v. DeFluiter* (1983), Ind.App., 456 N.E. 2d 429.

The facts of *Williamson*, which State Farm discusses in detail in its brief, illustrate why such a rule should not be applied in the instant case. In *Williamson*, the 1982 enactment of the Financial Responsibility Act required proof of financial responsibility before a vehicle could be registered. An amendment two years later expressly required that financial responsibility be *continuously* maintained as long as the vehicle was operated on the highways of Indiana. The court held that the amendment, when read with the 1982 law, indicated that the legislature intended with the original enactment to require continuous proof of financial responsibility. The amendment was a clarification rather than a change because to have held otherwise would give the 1982 enactment a construction which would require a policy of insurance be in force only one day: the day the vehicle is registered.

A court might have reached the conclusion that the legislature meant to say proof of insurance was a continuing obligation, even *before* the amendment was enacted clarifying the meaning of the Financial Responsibility Act. *See State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737 (it cannot be presumed that legislature intended to do an absurd thing or to enact a statute that has useless provisions, the effect of which can easily be avoided); *Irmscher v. McCue* (1987), Ind. App., 504 N.E.2d 1034 (court is required to adopt construction of statute which sustains statute, carries out the purpose, and renders all of its parts harmonious.)

There is nothing inherently absurd in the 1978 Products Liability law. No anomaly exists if we conclude the 1978 law did not provide for bystander recovery. The only absurdity that State Farm can point to is the gap in the protection afforded bystanders created with the amendment. We are not persuaded by this reasoning that the 1983 amendment is an expression of the legislature's intent all along. If the legislature meant to correct an oversight with the 1983 amendment, it could have done it by expressly declaring its intent to give the amendment retroactive application to the 1978 enactment. No expression of such intent was made.

Because bystanders were not allowed to recover under the 1978 Act, Structo's motion for judgment on the evidence was not error.

JUDGMENT AFFIRMED.

NEAL, J., concurs.

RATLIFF, C.J., dissents with separate opinion.

RATLIFF, Chief Judge, dissenting.

A bystander's common law right to maintain a products liability action was well settled in the State of Indiana prior to the 1978 enactment of the Products Liability

Act.[1] *Peck v. Ford Motor Co.* (7th Cir. 1979), 603 F.2d 1240, 1244 (applying Indiana law); *Sills v. Massey–Ferguson, Inc.* (N.D. Ind. 1969), 296 F. Supp. 776, 780–82 (applying Indiana law); *Gilbert v. Stone City Constr. Co., Inc.* (1976), 171 Ind.App. 418, 423, 357 N.E.2d 738, 742; *Chrysler Corp. v. Alumbaugh* (1976), 168 Ind.App. 363, 373, 342 N.E.2d 908, 915–17, *trans. denied,* 168 Ind.App. 363, 348 N.E.2d 654. The majority opinion correctly notes that the fundamental rules of common law may be modified by statute only in clear and concise expression or by unmistakable implication. *Grusin v. Stutz Motor Car Co.* (1933), 206 Ind. 296, 303, 187 N.E. 382, 385; *Nicholas v. Baldwin Piano Co.* (1919), 71 Ind.App. 209, 211, 123 N.E. 226. The majority then holds that the legislature's failure to specifically include the term "bystander" or words to that effect in the recovery limitation clause of the 1978 Products Liability Act is sufficient to reflect an intent by this State's legislature to abrogate the prior common law in this area. I disagree.

The 1978 Act limits recovery under the act to "users or consumers".[2] The act then defines "users and consumers" as follows:

> " 'User or consumer' *shall include:* a purchaser; any individual who uses or consumes a product; or any other person who, while acting for or on behalf of the injured party, was in possession and control of the product in question." (emphasis added.)

Indiana Code section 33–1–1.5–2 (1978). Clearly, this language does not expressly exclude bystanders in clear and concise language. Nor can it be said that the words "shall include" constitute an unmistakable implication that the legislature meant to exclude bystanders.

I do not share the reluctance of the majority of this court to consider the 1983 amendment of the Products Liability Act as evidence of the legislature's intent regarding the present issue. In 1983, I.C. § 33–1–1.5–2 was amended to read:

> " 'User or consumer' *means* a purchaser, any individual who uses or consumes the product, or any other person who, while acting for or on behalf of the injured party, was in possession and control of the product in question, or any bystander injured by the product who would normally be expected to be in the vicinity of the product during its reasonably expected use." (emphasis added.)

The subsequent use of the term "means" as opposed to "shall include" reflects the legislature's understanding that the language "shall include" was not exclusionary. In adopting the common law rule, the legislature used the more limiting language provided by the term "means" and essentially equated the phrase "users and consumers" with the individuals listed in I.C. § 33–1–1.5–2 (1983), bystanders expressly included. This express and restrictive adoption of the common law rule allowing bystanders a cause of action under a products liability theory seems to me to be indicative of the fact that the legislature never intended to abrogate the common law rule. Therefore, the language employed in the 1978 Products Liability Act was clearly insufficient to constitute an abrogation of the common law by unmistakable implication or by clear and concise expression. I must dissent from the majority opinion and state that a bystander's cause of action under a products liability theory of recovery was never interrupted in the State of Indiana.

---

**1.** Indiana Code section 33–1–1.5–1 *et seq.*

**2.** Indiana Code section 33–1–1.5–3(a) (1978).