MARSHALL *v.* PYEATT.

By our statute (1 R. S. p. 379, § 16), a suit may be instituted by an indorsee against the immediate and remote indorsers, jointly.

If the complaint, in such case, to show failure of consideration, allege that the defendants had due notice of the suit against the maker, a paragraph of the answer traversing the allegation, is good.

But a paragraph charging that, by agreement with the maker, the plaintiff fraudulently put off the trial from term to term, without notice to the defendants, and without their knowledge or consent, by means whereof the defendant lost the benefit of the assignment to him, &c., was *held* bad, as being inapplicable to the case made by the complaint.

Though, as a general rule, an indorsee of a promissory note assignable under the statute, cannot recover against the indorser unless he has used diligence against the maker, yet he may allege and prove an excuse for lack of diligence.

APPEAL from the *Grant* Court of Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *John D. Marshall* and *Daniel Dwiggins,* upon the assignments of two promissory notes. The notes were given by *M.* and *G. Osgood* to *Fisk* and *McCord,* and bear date *October* 25, 1850. One of them is for 110 dollars, payable *May* 1, 1852; and the other, for 40 dollars, due at nine months.

On the 30th of *November,* 1850, *Fisk* and *McCord,* the payees, assigned both notes to *Marshall,* who indorsed them in blank to *Dwiggins,* and he, by a like indorsement, transferred them to the plaintiff.

In *March,* 1854, *Pyeatt,* the plaintiff, instituted suit on the notes, against the makers, in the *Fulton* Court of Common Pleas, and at the *July* term, 1855, of that Court, there was, in favor of the makers, a verdict and judgment, on the

ground that the consideration upon which the notes were given had failed.

In the complaint, it is avered that *Marshall* and *Dwiggins*, the present defendants, were duly notified of the pendency of the suit against the makers of the notes, and the grounds upon which it was resisted; and that *Marshall* attended, was present when the cause was tried, and aided in its prosecution, &c.

In the present case, *Dwiggins* was called and defaulted. *Marshall* appeared and answered in seven paragraphs, five of which were subsequently amended. Demurrers were sustained to the second and fifth, and upon the others, issues were made. There was a verdict for the plaintiff. Motions for a new trial, and in arrest, were overruled, and judgment rendered, &c.

The suit, as we have seen, was instituted jointly against the immediate and remote indorser. Hence it is insisted that the proceedings are erroneous.

Anterior to the present code, this position would have been tenable. *Ewing* v. *Sills*, 1 Ind. R. 125. But the rule now is, that the holder of any note or bill of exchange negotiable by the law merchant, or by law of this state, may institute one suit against the whole or any number of the parties liable to such holder, &c. 1 R. S. p. 379, § 16. This provision seems to be decisive that the remedy adopted in this case, by joint suit against the defendants, is unobjectionable.

The next inquiry relates to the action of the Court in sustaining the demurrers to the second and fifth paragraphs.

The second avers that "it is not true, as alleged, that defendants had notice of the pendency of the suit instituted against the makers of the notes, in the *Fulton* Court of Common Pleas, and he avers that they had no such notice," &c.

The complaint, as has been seen, in order to show that the consideration of the assigned notes had failed, relies solely on the result of the suit against the maker, in the *Fulton* Court of Common Pleas, and avers that of that suit

the defendants had due notice. This averment was mate-
rial; because, if they had such notice, the judgment in that
case was, as to such failure of consideration, conclusive
against the defendants. And it seems to follow, that the
second defense, being a denial of the alleged notice, is well
pleaded; because it directly controverts an allegation which
was essential to the maintainance of the action, and which
the plaintiff was bound to prove. Our conclusion might
be otherwise, had the complaint contained an independent,
affirmative averment that the consideration of the notes
had failed. *Howell* v. *Wilson*, 2 Blackf. 418. As the de-
fense stands, it constitutes a bar to the action.

Nov. Term,
1859.

MARSHALL
v.
PYEATT.

The fifth paragraph is as follows: " By agreement with
the makers of the notes, the plaintiff fraudulently put off
the trial of said cause in the *Fulton* Court of Common
Pleas, from term to term, without notice to the defend-
ants, and without their consent or knowledge, by means
whereof the defendant has lost the benefit of the assign-
ment to him," &c.

This defense is not applicable to the case made by the
complaint, and is, therefore, defective. True, the indorsee
of a promissory note, assignable under the statute, is not
allowed to sue the indorser, unless he has used due dili-
gence against the maker for the recovery of the note (1 R.
S. p. 378, § 4); still he may allege and prove an excuse for
not using such diligence. In this instance, the plaintiff, in
his complaint, relies on such excuse, viz., that the consider-
ation of the assigned note had failed, while the defense, in
effect, is, that he had failed to use the diligence required
by the statute. Hence, it neither controverts nor avoids any
averment in the complaint, and cannot, therefore, be held
a valid pleading.

For the error, in sustaining the demurrer to the second
paragraph of the answer, the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

*A. Steele, H. D. Thompson,* and *M. L. Marsh,* for the ap-
pellant.

*J. F. McDowell,* for the appellee.