## HALL ET AL. *v.* SUITT.

PROMISSORY NOTE.—*Jurisdiction.*—The makers of a promissory note, payable at a bank in this State, to a complaint against the makers and indorser, answered, that they were the parties immediately liable to judgment and execution, and that they resided out of the county in which the suit was brought.

*Held*, on motion by the plaintiff for judgment on the pleadings, that the answer was bad, as the indorser, as well as the makers, was immediately liable to the holder.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—The appellee as indorsee sued John Hall, Benjamin Hall, and Eli Carey, the makers, and the Eagle Machine Works, the payee and indorser of two promissory notes, made payable at the Citizens' National Bank of Indianapolis. The Eagle Machine Works made default. The makers of the notes pleaded to the jurisdiction of the court, that the action was brought by the assignee of a claim arising out of contract assigned to the plaintiff by the defendant, the Eagle Machine Works; that said action was founded on said claim so assigned; that John Hall and Eli Carey resided in the

county of Hamilton, Indiana, and had resided there for more than two years last past continuously; that the said Benjamin Hall resided in Madison county, in said State, and had for many years last past; and that they were the parties immediately liable to judgment and execution in said cause. The plaintiff thereupon filed a reply, in which he admitted the truth of the answer, and moved the court to render judgment in his favor on the pleadings; which motion the court sustained, and rendered judgment accordingly for the plaintiff against all the defendants.

The appeal and assignment of errors are by the makers of the note alone, and it is alleged by them that the court erred in sustaining the motion for judgment on the pleadings, because the court had no jurisdiction of the subject-matter, or of the persons of said appellants.

As the appeal and assignment of errors are by only a part of the defendants, they are irregular, and the appeal should be dismissed, were it not for the fact that the irregularity is expressly waived by the appellee, and the further fact that there is evidently no merit in the appeal, and the appellants should not thus escape the penalty which should attach to them for their false clamor.

The defendants are all severally and immediately liable to the plaintiff, and for the appellants to allege that they are the parties immediately liable to judgment and execution, and that they resided out of the county where the action was brought, does not show a want of jurisdiction in the court. It is not alleged that the Eagle Machine Works is not also immediately liable to judgment and execution, as well as the defendants. If that allegation was in the pleading, it would be but a mere denial of a legal proposition; for every lawyer knows that upon a bill of exchange, or upon a promissory note made payable at a bank in this State, all the parties thereto may be sued in the same action, and that they are all severally and immediately liable to the holder. 2 G. & H. 50, sec. 20; *Marshall* v. *Pyeatt*, 13 Ind. 255; 1 G. & H. 451, sec. 16. Why it was supposed that the court had

no jurisdiction of the subject-matter, we are not informed, and cannot imagine.

The judgment is affirmed, with ten per cent. damages against the appellants and costs.

*D. Moss, F. M. Trissal,* and *W. Wallace,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellee.