KEISER ET AL. *v.* YANDES.

JURISDICTION.—*Venue.*—The indorsee of a promissory note payable at a bank in this State may sue both the makers and the indorsers in a county where the indorsers reside, though none of the makers reside in such county.

SAME.—*Practice.*—Objection to the jurisdiction of the person, if it appear on the face of the record, must be taken by demurrer; if not, it must be taken by answer; otherwise it will be deemed to be waived.

From the Marion Common Pleas.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellee.

OSBORN, J.—This was an action by the appellee against the appellants. The complaint charges, that on the 19th day of November, 1869, the defendants, George Keiser, George Nichol, and Amos J. King, made their promissory note, payable to the order of the defendants, Edward T. Tinker, Daniel Yandes, Sr., and George B. Yandes, for four hundred and fifteen dollars and ninety-six cents, payable at the Citizens' National Bank of Indianapolis, on or before the 8th day of October, 1870, protest and notice being waived; that the payees indorsed the note to the plaintiff; and that it is wholly due and unpaid. A copy of the note and the indorsement was filed with the complaint.

Summons was issued to the sheriff of Marion county, which was returned served upon Daniel Yandes, Sr., George B. Yandes, and Edward T. Tinker, and not found as to the other defendants. Another summons was issued to the sheriff of Madison county, which was returned served upon George Keiser, George Nichol, and Amos J. King. Both were served more than ten days before the first day of the court. Judgment was rendered against all the defendants by default.

The appeal is taken under section 551, 2 G. & H. 270. Notice having been served upon the other judgment defendants, as provided by that section, they declined to join in the appeal.

The errors assigned question the jurisdiction of the court over the persons of the appellants.

The appellants rely upon section 33, 2 G. & H. 58, which provides that the action must be brought in the county where the defendants, or one of them, reside; and where the action is by an assignee, that it shall be commenced in the county where one or more of the parties immediately liable to the judgment reside.

All the parties were immediately liable to the plaintiff in this case; the appellants as makers, and the other defendants as indorsers, of dishonored commercial paper; and the appellee was expressly authorized by statute to institute one suit against all of them. 2 G. & H. 659, sec. 16; *Hall* v. *Suitt*, 39 Ind. 316.

Objection to the jurisdiction of the person, if it appears on the face of the record, must be taken by demurrer. If not, it must be taken by answer; otherwise it will be deemed to be waived. 2 G. & H. 81, sec. 54; *Newell* v. *Gatling*, 7 Ind. 147.

The objection is, that the court did not have jurisdiction of the persons of the appellants. By failing to make it at the proper time, and in the mode required, it was waived, and cannot be made for the first time in this court.

The judgment is affirmed, with costs and five per cent. damages.