OBERMEYER *v.* INDIANAPOLIS LIEN AND CREDIT COMPANY, INC.

[No. 967-A61. Filed January 12, 1968. Rehearing denied February 19, 1968. Transfer granted November 4, 1968.]

*David H. Williams, Noel, Noel & Williams,* of Kokomo, for appellant.

*George H. Doane, Jr.,* and *Yockey & Yockey,* of Indianapolis, for appellee.

BIERLY, J.—This cause was commenced in the Municipal Court of Marion County, Room 1, by appellee filing a complaint on an open account. The defendants below were appellant and Blue & White Service, Inc., Appellee was the assignee, with recourse, of defendants Blue & White Service, Inc., claim against appellant.

The issues were formed by the complaint, appellants' plea in abatement, and appellee's demurrer thereto.

Blue & White Service, Inc., was a corporation with its principal place of business in Marion County. By assigning an account of appellant to appellee, appellee gained a party defendant who was also a resident of Marion County.

The record, as summarized by appellant, shows the following:

"Appellee's complaint alleged it to be a corporation, with its principal office and place of business in Indianapolis, Indiana. In addition, it alleged that appellant purchased from Blue certain merchandise upon open account; that Blue executed an assignment with recourse of this account to appellee; and Exhibit "A" thereto stated that the general office of Blue is in Indianapolis.

"Appellant entered his special appearance questioning the jurisdiction of the court over his person and the venue of the cause of action. Thereafter he entered his answer in abatement alleging his prior and continued residence in Howard County, together with his address therein; his

status as the only party immediately liable to judgment and execution; and the venue provisions of Indiana in such cases, which prescribe a forum other than the one chosen by appellee.

"Appellee demurred on the ground that the appellant's answer in abatement did not state facts sufficient to abate the cause of action stated in his complaint."

On March 22, 1967, the trial court sustained appellee's demurrer and the appellant refused to plead over. The trial court then entered judgment for the appellee for $1,053.22 principal, and $31.58 interest, and costs.

Appellant bases his argument on Burns' Anno. Stat. § 2-707 (1966 Special Supp.) which, inter alia, states:

". . . But any action brought by the assignee of a claim, arising out of contract, whether assigned in writing or by delivery, shall be commenced in the county where one or more of the parties *immediately liable* to judgment and execution resides, and not elsewhere" (emphasis supplied).

Appellee relies on Burns' Anno. Stat. § 2-226 (1946 Replacement), which requires the assignor to be made a defendant.

We are of the opinion that the assignor is immediately liable to judgment and execution, based upon the decisions in the cases of *Hall et al.* v. *Suitt* (1872), 39 Ind. 317, and *Keiser et al.* v. *Yandes* (1873), 45 Ind. 174.

The latter case held:

"All the parties were immediately liable to the plaintiff in this case; the appellants as makers, and the other defendants as indorsers, of dishonored commercial paper; and the appellee was expressly authorized by statute to institute one suit against all of them."

The same statute was urged in that appeal as we have in the case at bar.

We are of the opinion that for the above reason the trial court committed no error in its ruling on appellee's demurrer to appellant's plea in abatement, and should be affirmed.

Judgment affirmed.

Cook, P. J. and Pfaff, J., concur.

Smith, J., dissents with opinion.

## DISSENTING OPINION

SMITH, J.—I am herewith dissenting to the majority opinion for the following reasons:

Burns' Indiana Statutes, § 2-707 (1966 Supp.) provides in part that:

". . . any action brought by the assignee of a claim arising out of a contract, whether assigned in writing or by delivery, shall be commenced in the county where one or more of the parties immediately liable to judgment and execution reside, and not elsewhere."

Pursuant to the provisions of this statute, the defendants are required to be jointly liable upon the cause of action in order to authorize an action in the county where only one defendant resides. *Moore-Mansfield Construction Co.* v. *Marion, Bluffton & Eastern Traction Co., et al.* (1913), 52 Ind. App. 548, 101 N. E. 15.

In the case at bar the appellant and Blue & White Service, Inc., are not jointly liable on the account, they are not even liable under the same agreement. The liability of Blue & White Service, Inc., to appellee, so far as is herein relevant, is predicated upon a separate written agreement, to-wit, the assignment of the account and its terms.

Blue & White Service, Inc., was joined as a defendant pursuant to Burns' Indiana Statutes, § 2-226, which in part reads as follows:

"When an action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action."

Burns' Indiana Statutes, § 2-707, in establishing the proper venue of actions based upon assigned claims arising out of contract, has as one of its purposes the preservation of the venue which would pertain apart from the operation of Burns' Indiana Statutes, § 2-226. Both statutes were enacted by a special session of the 1881 General Assembly and should be construed together. *State, ex rel. Baker* v. *Grange, et al.* (1929), 200 Ind. 506, 165 N. E. 239. In § 2-226 the assignor is a necessary party-defendant, whereas in § 2-707 the venue is preserved in the county of residence of the account debtor.

In many instances the holder of a claim who resides in a county different from the one in which the person against whom the claim is asserted resides, makes an equitable assignment of the claim to an assignee who resides in the county of the assignor. In that event, the assignor being a necessary party, the courts of his county are invested with jurisdiction over the persons of all the parties defendant. This equitable assignment is made for the convenience of the holder of a claim and allows him to proceed against the debtor in the county where the holder resides. It is stated as follows in 56 Am. Jur. *Venue*, Sec. 28:

> "Statutes permitting a defendant to have certain actions tried in the county where he resides are remedial in nature and are liberally construed, to the end that a defendant may not be unjustly deprived of that right. In many jurisdictions it is the general policy of the venue statutes to require suits to be brought in the county of the defendant's residence, *and exceptions authorizing the bringing of certain suits in a county other than that of the defendant's residence are to be strictly construed.*" (Emphasis supplied).

Also under the same heading, 56 Am. Jur., Sec. 30 reads as follows:

> "Under statutes in many jurisdictions it is permissible to lay the venue of a transitory action in which there are several defendants in the county of the residence of any one of them against whom substantial relief is prayed.

. . . Under a statute of this kind the residence of one of the defendants determines the venue of the action *and not one joined solely to justify* the bringing of the action in the county of his residence. In every case the true test to determine whether or not the venue is proper, so that the summons may issue to another county, is whether the defendant, served in the county where the suit is brought, *is a bona fide defendant to the action and whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendants.* (Emphasis supplied).

In the 1966 Cum. Supp., Sec. 30, 56 Am. Jur. *Venue,* is found the following language:

"To enable a plaintiff to prosecute a cause of action against a defendant outside the county of the latter's residence because of the joinder of co-defendants, it has been held that there must be a defendant who is resident or summoned in the county where the action is brought, and against whom there is a bona fide claim of *joint* liability. *Terry* v. *Plunkett-Jarrell Grocery. Co.,* 220 Ark. 3, 246 S.W. 2d 415, 29 A.L.R. 2d 1264". (Emphasis supplied).

In summary, it is my opinion that the legislative purpose of Burns' Indiana Statutes, § 2-707 was to remove the evil whereby the party to a contract could create venue in his home county by a simple assignment. The general rules for the interpretation of venue statutes emphasize the liberal construction of provisions permitting a defendant to defend in his home county and closely scrutinize cases involving multiple defendants to determine whether or not they are bona fide, i.e., whether or not their interest in the result of the action is adverse to that of the plaintiff.

It is further my opinion that the defendant Blue & White Service, Inc., is not a necessary party-defendant and would not be liable to the assignee unless the original debtor did not satisfy the claim and prove himself to be judgment-proof.

It is further my opinion that the decision of the court in sustaining appellee's demurrer to appellant's answer in abate-

ment and in overruling his motion for a new trial is reversible error.

It is further my opinion that in order for Burns' Indiana Statutes, § 2-707 (1966 Supp.) to accomplish its intended salutary effect, it must be interpreted to mean that the assignee of a claim based upon an open account is required to sue the account debtor in the county of his residence and not elsewhere.

Judgment reversed with instructions to the trial court to overrule appellee's demurrer to appellant's answer in abatement.

NOTE.—Reported in 232 N. E. 2d 895.