OBERMEYER v. INDIANAPOLIS LIEN & CREDIT COMPANY, INC.

[No. 1168S181. Filed November 4, 1968.]

*David H. Williams, Noel, Noel and Williams,* Kokomo, for appellant.

*George H. Doane, Jr., Yockey & Yockey,* Indianapolis, for appellee.

PER CURIAM.—This matter is before the court on a petition to transfer from the Appellate Court wherein the appellant below requested this court to set aside and annul judgment of the Appellate Court in *Richard E. Obermeyer* v. *Indianapolis Lein & Credit Company, Inc.* (1968), 142 Ind. App. 68, 12 Ind. Dec. 483, 232 N. E. 2d 895.

This cause was commenced in the Municipal Court of Marion County, Room 1, by appellee filing a complaint on an open account. Defendants below were appellant and Blue & White Service, Inc., appellee, was the assignee, with recourse, of defendants Blue & White Service, Inc., claim against appellant.

The issues were formed by the complaint, appellant's plea in abatement, and appellee's demurrer thereto.

Blue & White Service, Inc., was a corporation with its principal place of business in Marion County. The appellant, Richard E. Obermeyer, was a resident of Howard County.

The record, as summarized by appellant, shows the following:

"Appellee's complaint alleged it to be a corporation with its principal office and place of business in Indianapolis, Indiana. In addition, it alleged that appellant purchased from Blue certain merchandise upon open account; that Blue executed an assignment with recourse of this account to appellee; and Exhibit "A" thereto stated that the general office of Blue is in Indianapolis.

"Appellant entered his special appearance questioning the jurisdiction of the court over his person and the venue of the cause of action. Thereafter, he entered his answer in abatement alleging his prior and continued residence in Howard County, together with his address therein; his status as the only party immediately liable to judgment and execution; and the venue provisions of Indiana in such cases, which prescribe a forum other than the one chosen by appellee.

"Appellee demurred on the ground that the appellant's answer in abatement did not state facts sufficient to abate the cause of action stated in his complaint."

On March 22, 1967, the trial court sustained appellee's demurrer and the appellant refused to plead over. The trial court then entered judgment for the appellee for $1,053.22 principal, and $31.58 interest, and costs.

Burns' Indiana Statutes, § 2-707 (1966 Supp.), provides in part that:

". . . any action brought by the assignee of a claim arising out of a contract, whether assigned in writing or by delivery, shall be commenced in the county where one or more of the parties immediately liable to judgment and execution reside, and not elsewhere."

Pursuant to the provisions of this statute, the defendants are required to be jointly liable upon the cause of action in order to authorize an action in the county where only one defendant resides. *Moore-Mansfield Construction Co.* v. *Marion Bluffton & Eastern Traction Co., et al.* (1913), 52 Ind. App. 548, 101 N. E. 15.

In the case at bar the appellant and Blue & White Service, Inc., are not jointly liable on the account, they are not even liable under the same agreement. The liability of Blue & White Service, Inc., to appellee, so far as is herein relevant, is predicated upon a separate written agreement, to-wit, the assignment of the account and its terms.

Blue & White Service, Inc., was joined as a defendant pursuant to Burns' Indiana Statutes, § 2-226, which in part reads as follows:

> "When an action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to ■ answer as to the assignment of his interest in the subject of the action."

Burns' Indiana Statutes, § 2-707, in establishing the proper venue of actions based upon assigned claims arising out of contract, has as one of its purposes the preservation of the venue which would pertain apart from the operation of Burns' Indiana Statutes, § 2-226. Both statutes were enacted by a special session of the 1881 General Assembly and should be construed together. *State ex rel Baker* v. *Grange, et al*, (1929), 200 Ind. 506, 165 N. E. 239. In Sec. 2-226 the assignor is a necessary party-defendant, whereas in Sec. 2-707 the venue is preserved in the county of residence of the account debtor.

It is the opinion of this court that the legislative purpose of Burns' Ind. Statutes § 2-707 was to remove the evil whereby the party to a contract could create venue in his ■■ home county by a simple assignment. The general rules for the interpretation of venue statutes emphasize the liberal construction of provisions permitting a defendant to defend in his home county and closely scrutinize cases involving multiple defendants to determine whether or not they are bona fide, i.e., whether or not their interest in the result of the action is adverse to that of the plaintiff.

It is further the opinion of this court that the decision of the court in sustaining appellee's demurrer to appellant's answer in abatement and in overruling his motion for a new trial is reversible error.

The transfer is granted and judgment reversed with instructions to the trial court to overrule appellee's demurrer to appellant's answer in abatement.

NOTE.—Reported in 241 N. E. 2d 252.