STATE OF INDIANA *v.* ROBERT T. BIGBEE.

[No. 971S281.  Filed February 23, 1973.]

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellant.

*Paul V. Rumple, Rynearson & Rumple,* of Indianapolis, for appellee.

HUNTER, J.—This is an appeal by the State of Indiana from the trial court's sustaining of the defendant's Motion to Dismiss.* On March 9, 1971, the defendant was indicted for executing a bond without collecting in full a premium therefor. On April 7, 1971, the defendant filed a Motion to Dismiss. Argument was heard by the trial court on the motion and on April 28, 1971, the Motion to Dismiss was sustained with the trial court finding that the statute under which the defendant was charged was unconstitutional.

The statute in question is IC 1971, 35-4-5-40 (Ind. Ann. Stat. § 9-3738 [1971 Supp.]). The statute reads as follows:

---

* This case was transferred to this office on February 7, 1963.

"It shall be unlawful for a bail bondsman to execute a bail bond without collecting in full a premium therefor and the premium rate shall not exceed nor be less than the premium rate as filed with and approved by the [insurance] commissioner."

The trial court held the statute to be unconstitutionally vague. The State filed a Motion to Correct Errors which was overruled and this appeal followed.

Although no formal findings of fact or conclusions of law were entered, apparently the essential question was whether the statute outlawed "credit bonding," (that is executing a bond merely on the unsecured promise to pay the note at some future date). The trial court indicated that such was the intent of the statute but that the words of the statute were not sufficiently clear to indicate that credit bonding was the action prohibited.

We do not agree. Certainly total clarity of purpose is an important goal, but absolute precision is not a constitutional requirement as long as the statute fairly indicates to a reasonable man, what actions are prohibited. *Stotts* v. *State* (1971), 257 Ind. 8, 271 N. E. 2d 722; *Roth* v. *United States* (1957), 354 U.S. 476. When examining a statute we must look to the statute as a whole. *Cheaney* v. *State* (1972), 259 Ind. 138, 285 N. E. 2d 265. This factor is very important in this instance. In the definitions portion of the law, which is IC 1971, 35-4-5-1 (Ind. Ann. Stat. § 9-3701 [1971 Supp.]), the original definitions of bondsman in subsections (4), (5), and (6) stated in part that a bondsman is one who executes bonds and "receives or is promised money or other things of value." In 1963, when IC 1971, 35-4-5-40 was added, the definition was changed by deleting the words "or is promised" so that it read that a bondsman was one who "receives money or other things of value." Thus it seems clear that the acceptance of an unsecured promise to pay was no longer to be part of the bail bond business.

IC 1971, 35-4-5-40, since it concerned the same subject matter and was passed at the same time, must be read in conjunction with this change in definition. See *Obermeyer* v. *Indianapolis Lien & Credit Co.* (1968), 251 Ind. 382, 385, 241 N. E. 2d 252. When viewed in such a light, its obvious purpose was to prohibit that activity deleted from the definition—that is executing bonds on an unsecured promise. The evil it was to eradicate was that situation whereby the suspect could obtain a bond with no funds but then, being without funds, be forced to commit a crime in order to pay the premium

Appellant contends that if the statute were clear it would state that a bondsman could not execute a bond without *first* collecting in full a premium. However, the word "first" would appear to be superfluous in the context of this statute because the statute would have no meaning if this were not implied. For instance, if the statute merely meant that the premium need be paid in full at some unknown time in the future, when is the deadline such that a violation of the statute occurs? Would it be in a month? A year? Five years? The only way the statute has any practical meaning is if the premium must be paid prior to or concurrent with the execution of the bond. The collection in full of a premium can only be read as a condition precedent to execution of the bond.

A penal statute must be strictly construed against the State, but a statute should not be overly narrowed so as to exclude cases fairly covered by it and should be interpreted so as to give efficient operation to the expressed intent of the legislature. *Simmons* v. *State* (1955), 234 Ind. 489, 129 N. E. 2d 121; *Short* v. *State* (1954), 234 Ind. 17, 122 N. E. 2d 82. While a penal statute must be narrowly construed this must be balanced against the presumption that the statute is constitutional. See, *Cheaney* v. *State, supra.*

This Court has previously construed this statute to prohibit credit bonding. See, *Uhlir* v. *Ritz* (1970), 255 Ind. 342, 264 N. E. 2d 312. Although not a paragon of perspicuity, we are of the opinion that when the statute is given its common-sense meaning, and with the presumption in favor of constitutionality, it gives fair warning of the actions which it proscribes.

We therefore hold that the trial court was erroneous in holding that IC 1971, 35-4-5-40 was unconstitutionally vague and was erroneous in sustaining the appellee's Motion to Dismiss. The judgment of the trial court is reversed and this cause is remanded to the trial court for proceedings not inconsistent with this opinion.

Judgment reversed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 292 N. E. 2d 609.