Rexford G. STURGILL, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 36A01–8602–CR–25.

Court of Appeals of Indiana, First District.

Sept. 29, 1986.

Patrick W. Harrison, Beck & Harrison, Columbus, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Rexford G. Sturgill appeals from the trial court's refusal to allow him to inspect statements made to the county welfare department by the alleged victim of child molestation. We reverse.

## FACTS

T.S., a girl who was seventeen (17) years of age at the time of trial, went to the Jackson County Welfare Department in 1985. She claimed that her step-father, Sturgill, had sexually molested her on numerous occasions. The welfare depart- ment forwarded the information to the police department who obtained an arrest warrant. Sturgill was charged with Child Molesting and Incest. On April 25, 1985, Sturgill filed a Request for Production of Documents and Records which the welfare department denied. Sturgill filed a Motion to Compel Production of Documents which the trial court denied following a hearing.

## ISSUE

Sturgill presented three issues for review. However, the following is dispositive.

Did the trial court err in denying the defendant's request for pretrial discovery for statements made by his step-daughter?

## DISCUSSION AND DECISION

Sturgill's request for production of documents included the following:

"1. All reports, statements, office records, doctor's reports, records of interviews made by the Jackson County Department of Public Welfare or its employees concerning the Defendant, *including but not limited to statements of Defendant's step-daughter* ... and her mother and any other statements contained in Welfare files or the files of any of its employees on this case or pertaining in any way to the defendant or witnesses against this Defendant."

The welfare department denied the request and the trial court affirmed apparently upon the authority of Indiana Code section 31–6–11–18. That statute limits access to information which is gathered by a county welfare department during its investigations of child molestations. For example, the department may forward the information to the police and prosecutor so that child molesters may be brought to justice. Ind.Code § 31–6–11–18(a)(2). A court also has access to such information. Ind.Code § 31–6–11–18(a)(8). However, the general public and defendants accused of child abuse are not entitled to this information under the statute. The purpose behind this confidentiality is "to encourage effective

reporting of suspected or known incidents of child abuse or neglect...." Indiana Code section 31–6–11–1. If a child knows she will be publicly scrutinized upon reporting molestations to the county welfare workers, she will be very reluctant to do so. Thus, the state has a valid reason for restricting access to such information.

In contrast to the state's interest, the criminal defendant has an interest in discovering the child's statements given to the welfare workers. Such evidence may be used at trial to rebut the child's testimony. The United States Supreme Court has said that a criminal defendant has a right to pretrial discovery which is guaranteed by the Constitution. In *Brady v. State of Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, the Court said, "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 83 S.Ct. at 1196, 10 L.Ed.2d at 218. The Court stressed the importance to society of fairness in criminal prosecutions. In *United States v. Agurs* (1976), 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342, the Court elaborated on *Brady* as follows:

> "Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable."

*Id.* at 106, 96 S.Ct. at 2399, 49 L.Ed.2d at 351. The test for materiality is whether "the suppressed evidence might have affected the outcome of the trial." *Id.* at 104, 96 S.Ct. at 2398, 49 L.Ed.2d at 351.

■ While we do not contradict the line of Indiana cases which holds that a criminal defendant does not have an *absolute* right to discovery which is guaranteed by constitutional due process, *e.g., State ex rel. Grammer v. Tippecanoe Circuit Court* (1978), 268 Ind. 650, 652, 377 N.E.2d 1359, 1361; *Haskett v. State* (1979), 179 Ind.App. 655, 656, 386 N.E.2d 1012, 1013, we hold that the defendant does have a constitutional right to pretrial discovery. However, the defendant's interest in discovery must be balanced against the state's interest in nondisclosure. *Williams v. State* (1981), 275 Ind. 434, 438, 417 N.E.2d 328, 331; *Tinnin v. State* (1981), 275 Ind. 203, 207, 416 N.E.2d 116, 118. In weighing the various factors, the trial court is vested with discretion. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 485. Therefore, we will not reverse unless there is a showing of clear error and resulting prejudice. *Id.*

■ We hold that the trial court abused its discretion. Although a portion of Sturgill's request for discovery was very general, he specifically requested "statements of Defendant's step-daughter" made to the welfare department. Such statements could have contradicted the girl's testimony at trial and statements given to the police. Even though the girl apparently never recanted her story, inconsistencies certainly could have affected her credibility. While her statements to welfare workers may have constituted cumulative evidence, that evidence might have influenced the trier of fact so as to render him not guilty. As such, the evidence sought was material.

■ The state failed to show that it had a "paramount interest in non-disclosure." *Brandon v. State* (1978), 268 Ind. 150, 159, 374 N.E.2d 504, 509. Although the purpose of Ind. Code § 31–6–11–18 is to maintain confidentiality, the state's interest was diminished greatly when T.S. testified explicitly at trial as to the alleged instances of sexual abuse. T.S.'s testimony destroyed any remaining anonymity. Also, the state failed to show how its interest would be adversely affected if the accused had access to such information to prepare a defense as opposed to the public in general having access to the same information.

We therefore hold that Ind.Code § 31–6–11–18, is unconstitutional as it was applied to the facts of the case under consideration. The Defendant was denied a fair trial. At the very least, the trial court should have conducted an *in camera* inspection of T.S.'s statements given to the welfare department pursuant to Ind. Code § 31–6–11–18(a)(8) to determine whether any of the statements benefited Sturgill's defense. Since the trial court abused its discretion, we reverse.

Judgment reversed.

BUCHANAN, C.J., and NEAL, J., concur.