Jeff **KINDER** and Marge **Kinder,**
Appellants (Defendants),

v.

John **DOE** and/or Jane **Doe,**
Appellees (Defendants).

No. 47A04–8802–CV–00054.

Court of Appeals of Indiana,
Fourth District.

June 28, 1989.

Karon E. Perkins, Dalmbert, Marshall & Perkins, Columbus, for appellants.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee Lawrence County Dept. of Public Welfare.

MILLER, Judge.

On June 5, 1987 Jeff and Marge Kinder brought an action against John and/or Jane Doe alleging the defendant(s) had maliciously made false statements in a letter to the Lawrence County Department of Public Welfare (Welfare) which caused Welfare to investigate them for possible child abuse and to initiate a CHINS proceeding which was later dismissed. The Kinders bring this interlocutory appeal alleging the trial court erred in denying their Motion to Compel Production of Documents and Records to a Non–Party. The request for production was directed to Welfare and requested the original letter which precipitated the investigation.

We restate the issue as follows: whether the trial court abused its discretion in denying the motion to compel, and improperly interpreted IND.CODE §§ 31–6–11–7 and 31–6–11–18,[1] which address immunity from

---

1. The Kinders also alleged the trial court misin-    terpreted IND.CODE § 31–6–8–1, because we re-

civil liability for persons who report child abuse or neglect, and the confidentiality of such reports.

We conclude the trial court properly interpreted the statute, however because this is a case of first impression we remand with instructions to hold an evidentiary hearing to allow the Kinders to present evidence to rebut the presumption the author of the letter acted in good faith.

## FACTS

The Kinders are the parents of two minor children. A person whose identity is unknown to the Kinders sent a letter to Welfare which apparently contained allegations of child abuse or neglect against the Kinders. As a result of the letter, Welfare initiated an investigation of the Kinders and filed a CHINS petition with the Lawrence County Juvenile Court. The CHINS petition was dismissed with no action being taken against the Kinders.[2] The Kinders asked Welfare to refer the matter to the prosecutor for possible action on the allegedly false report. The record is unclear but it appears the prosecutor chose not to pursue the matter.

The Kinders filed suit against the person who sent the letter designating the defendant as John and/or Jane Doe, then sought to determine the identity of the party through discovery, by a request to Welfare for production of the letter. Welfare filed an Affidavit in Opposition to Motion for Production, in which it alleged Welfare was prohibited by statute from releasing the requested document.[3] The Kinders filed a motion to compel. After hearing argument on the motion, the trial court denied the motion as follows:

> 1/21/88 The Court having had the Plaintiff's Motion to Compel the Welfare Department to divulge the identity of an Informant under advisement, the Court now denies the Plaintiff's Motion to Compel.

In support of the Court's finding that said Motion to Compel should be denied, the Court notes that the statute that provides for information regarding the abuse or neglect of minor children provides that such persons giving information to the Welfare Department shall remain anonymous; that their identity only has to be divulged if it becomes apparent that such reporting is in bad faith.

Because the Plaintiff is the moving party requesting that Welfare Department be compelled to deliver that information to it, the burden of proving that the information given to the Welfare Department was given in bad faith must therefore fall on the Plaintiff.

Plaintiff could arguably call Welfare Department officials to testify as to why after there was a finding of probable cause to believe that the children were children in need of services they made the decision to dismiss the original petition to find the children in need of services.

Plaintiff has the burden of making at least a prima facie showing that the information received by the Welfare was given to the Welfare Department in bad faith before the Court will grant any motion to compel the disclosure of the identity of the complainants.

## DECISION

The Kinders assert the trial court improperly construed IND.CODE § 31-6-11-7, which provides:

> A person, other than a person accused of child abuse or neglect, who:
>
> (1) makes or causes to be made a report of a child who may be a victim of child abuse or neglect;
>
> *    *    *    *    *    *
>
> is immune from any civil or criminal liability that might otherwise be imposed because of such actions. However, immunity does not attach for any person

---

verse we will not address this issue.

**2.** The record does not reveal whether Welfare voluntarily dismissed the action or if the dismissal was the result of a hearing.

**3.** The record is unclear, but it appears Welfare produced a copy of the letter with all references to the identity of the complainant excised.

who has acted maliciously or in bad faith. A person making a report that a child may be a victim of child abuse or neglect or assisting in any requirement of this chapter is presumed to have acted in good faith.

IND.CODE § 31–6–11–18 provides that reports of child abuse or neglect shall be confidential and reads in pertinent part:

(a) Reports made under this chapter and any other information obtained, reports written, or photographs taken concerning such reports in the possession of the department, the county department of public welfare, or the local child protection service are confidential and shall be made available only to those persons authorized by this chapter and to:

\*    \*    \*    \*    \*    \*

(7) a parent, guardian, custodian, or other person responsible for the welfare of a child named in a report or record with protection for the identity of reporters and other appropriate individuals.

(8) a court, upon its finding access to the records may be necessary for a determination of an issue before the court, but access is limited to in camera inspection, unless the court determines that public disclosure of the information contained in the records is necessary for the resolution of an issue pending before it.

The Kinders cite *Sturgill v. State* (1986), Ind.App., 497 N.E.2d 1070 for the proposition I.C. 31–6–11–18 is not a bar to the release of information in a report made to the welfare department. In *Sturgill,* the defendant was charged with molesting his stepdaughter, T.S. T.S. reported the molestation to the county welfare department and testified at trial. The defendant sought discovery of T.S.'s statement to the welfare department. The trial court denied the defendant's motion to compel production of the statements. This court on appeal held the statute was unconstitutional as applied to the facts of the case and the trial court abused its discretion in denying the motion. The court noted: "the defendant's interest in discovery must be balanced against the state's interest in non-disclosure." *Id.* at 1072. The court further noted one of the factors weighing against non-disclosure was the fact T.S. had testified and therefore there was no need to protect her identity. *Sturgill* is not dispositive of this case. Constitutional considerations of due process clearly tipped the balance in favor of Sturgill. In addition, the identity of the reporter was known.

This case is unlike criminal prosecutions which involve Constitutional due process rights intended to afford a defendant a fair trial. There is no constitutional right to bring a civil cause of action and the legislature may abrogate or modify common law rights and remedies. *Jamerson v. Anderson Newspapers, Inc.* (1984), Ind. App., 469 N.E.2d 1243; *Scalf v. Berkel, Inc.* (1983), Ind.App., 448 N.E.2d 1201. Nevertheless, we agree I.C. 31–6–11–18 does not necessarily prohibit release of the identity of the reporter in these circumstances. The statute permits a court access to the records if the court finds the records may be necessary for determination of an issue before it, and further permits the court to allow public disclosure if the court finds it necessary for the resolution of an issue pending before it. I.C. 31–6–11–18(a)(8). *See Linder v. State* (1983), Ind., 456 N.E.2d 400. In this case the records are clearly necessary for the resolution of an issue pending before the court—whether the reporter is not immune from civil liability because the report was made maliciously or in bad faith.

However, in construing a statute the court must look to the statute as a whole. *State v. Bigbee* (1973), 260 Ind. 90, 292 N.E.2d 609. The object of statutory construction is to determine and give effect to the intent of the legislature. *Thompson v. Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657. If reasonably possible, a statute will be interpreted so as to give operation to the expressed intent of the legislature and to all sections of the statute. *Dunkle v. State* (1961), 241 Ind. 548, 173 N.E.2d 657.

The legislature has expressed its intent "to encourage effective reporting of sus-

pected or known incidents of child abuse or neglect...." I.C. 31–6–11–1. In order to encourage such reports the legislature had provided for limited confidentiality and qualified immunity for reporters. The legislature has attempted to balance two competing public policies: 1. to protect children by encouraging reports of suspected child abuse or neglect; 2. to discourage reports made maliciously or in bad faith, which not only cause emotional and financial difficulties for individuals who are wrongly accused, but which also waste the time and resources of the welfare department, resources which are needed to protect victims of true child abuse. In balancing the policies the legislature has tipped the balance in favor of encouraging reports by providing that reporters will be presumed to have acted in good faith. I.C. 31–6–11–7.

■ In reading the statute as a whole, we do not believe the legislature intended to allow discovery of the identity of a reporter simply because suit has been filed and the identity is necessary to proceed with the action. To do so would defeat the purpose of the statute to encourage reporting. Conversely we do not believe the legislature intended a party in the Kinders' circumstances to be completely barred from access to this information. Instead, the trial court correctly interpreted the statute to require the Kinders to present evidence to rebut the presumption of good faith.[4]

However, because this is a case of first impression and because we can find nothing in the record to indicate the trial court informed the Kinders of the need to present such evidence before its denial of the motion, the Kinders are entitled to an opportunity to present such evidence.[5] Therefore, we remand with instructions that the trial court hold an evidentiary hearing to determine if the Kinders are able to rebut the presumption of good faith.

CONOVER, P.J., and RATLIFF, C.J., concur.

---

**4.** We recognize the Kinders face formidable obstacles in their attempt to rebut the presumption, however they are not insurmountable. Evidence that the allegations were false and there were no grounds for belief in their truth would be sufficient to rebut the presumption. *See Boydston v. Chrysler Credit Corp.* (1987), Ind. App., 511 N.E.2d 318. As the trial court noted, arguably such evidence was available from Welfare officials who investigated the case.

**5.** We note that the trial court asked about the contents of the letter and whether the allegations contained in it were untrue. Kinder's counsel indicated she had seen a copy of the letter with all references which would have identified the writer excised. Kinder's counsel stated the Kinders maintained the allegations were false, however counsel was clearly not prepared to present evidence on the issue.