Steven R. HULETT, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee.

No. 48A02–8807–CR–00259.

Court of Appeals of Indiana, Second District.

April 5, 1990.

Rehearing Denied May 9, 1990.

David L. Puckett, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Steven R. Hulett appeals from a conviction of child molesting, a class C felony.

We reverse.

Hulett presents three issues for our review. However, because we reverse, we address only the following issue:

Whether the court erred in failing to make an in-camera inspection of the file of the alleged victim's psychological counselor.

The alleged victim in this case, A.S., was twelve years old at the time of the acts which are the basis for Hulett's conviction. Prior to this incident, A.S. as well as other members of her family had begun treatment with a counselor employed by Family and Children Services Agency. The counseling had been recommended by the Welfare Department in relation to the divorce of her parents. At the outset of Hulett's trial, Hulett sought discovery of the counselor's file with respect to A.S. The prosecutor alerted the court to the possibility that the file might contain confidential information concerning people other than A.S. Defense counsel argued to the court in this regard that events in the life of A.S. which dealt with her parents, her stepmother or her siblings as contained in the file, might well be relevant to the case. The court indicated that it would conduct an in-camera inspection of the file stating:

"I can decide if there is some confidential matter. I can hold it back and then I'd be knowledgeable as to what it is and later on, if I thought it was relevant and you should have knowledge, for example." Record at 427.

The prosecutor made no objection to this proposed course of action. The court ordered Family and Children Services Agency to produce the file.

The counselor appeared in court with the file during Hulett's trial and testified that she did not wish to release the information contained in the file. She gave three reasons for her view: that the file contained no information which would impact upon the issues involved, that divulging the file would jeopardize the trust which A.S. reluctantly had acquired in the counselor and that the information was confidential. She qualified the last reason somewhat by acknowledging that communication regarding criminal activity such as "a child molest situation" would not be privileged. Record at 695. She also acknowledged that her supervisor and the president of the Board of Directors of her agency, an attorney, had authorized her to release the file.

The prosecutor at that juncture interposed an objection to the discovery upon grounds that it "violates the ... confidentiality between the patient and the counselor" (Record at 715) and that the request was unduly burdensome to the counselor in that it was overly broad. He stated that the request involved a file pertaining to communications from some seven or eight people only one or two of whom were involved in the matter in dispute. After questioning the counselor, the court ruled, without inspecting the file, that the file was not discoverable by Hulett.

Hulett argues that the court erred in refusing to allow discovery of the victim's file. The court based its ruling on three legal theories which we discuss.

■ The first basis for the court's ruling was that although there is no statutory privilege covering a counselor-patient relationship in Indiana, there is a rationale for applying a privilege in this particular situation. In this determination, the trial court erred. Indiana follows the rule that privileges are generally statutory. *Matter of C.P.* (1989) 4th Dist. Ind.App., 543 N.E.2d 410; *DeMoss Rexall Drugs v. Dobson* (1989) 1st Dist. Ind.App., 540 N.E.2d 655; *Scroggins v. Uniden Corp. of America* (1989) 1st Dist. Ind.App., 506 N.E.2d 83 *trans. denied; Cissna v. State* (1976) 170 Ind.App. 437, 352 N.E.2d 793; *General Accident, Fire & Life Assurance Co. v. Tibbs* (1936) 102 Ind.App. 262, 2 N.E.2d 229. A

statutory privilege does exist in Indiana to protect confidential communications made to a certified psychologist. I.C. 20–6.1–6–15. The counselor in this case admitted that she is not a certified psychologist. Our Fourth District discussed extending the psychologist-client privilege to counselors in *Matter of L.J.M.* (1985) 4th Dist. Ind.App., 473 N.E.2d 637, a case involving communications made to a caseworker at a juvenile shelter care facility. The court held,

> "We recognize that there are compelling reasons to protect disclosures made to anyone who offers counseling services. The legislature, however, has chosen to extend a privilege to only two groups of counselors, certified psychologists and school counselors." *Id.* at 642.

*See also, Cunningham v. Southlake Center for Mental Health, Inc.* (1989 N.D.Ind.) 125 F.R.D. 474.

Although there is good reason to create a privilege for confidential communications made in counseling situations, evidentiary privileges "are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon* (1974) 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039. To the same effect see Miller, Indiana Evidence, § 501.101 (1984 ed.). Because evidentiary privileges are disfavored and strictly construed, we are constrained to hold that the counselor's file in this case is not privileged. The decision to create a privilege to protect communications made to a counselor is best left to the legislature.

■ The trial court also refused to allow the defendant discovery of the counselor's file upon the basis that the information contained in the file was not relevant or material to Hulett's defense. Discovery is generally allowable in criminal cases when the defendant sufficiently designates the items he seeks and demonstrates the materiality of those items, unless the State establishes a paramount interest in non-disclosure. *Kindred v. State* (1989) Ind., 540 N.E.2d 1161; *Williams v. State* (1981) 275 Ind. 434, 417 N.E.2d 328; *Brandon v. State* (1978) 268 Ind. 150, 374 N.E.2d 504.

Evidence is "material" if it might reasonably affect the outcome of the trial. *Sturgill v. State* (1986) 1st Dist. Ind.App., 497 N.E.2d 1070.

In this case, the defendant specifically requested the "client file on [A.S.]." Record at 80. A.S. did in fact testify at defendant's trial. If the file contained prior false accusations or contained inconsistent statements bearing upon the credibility of A.S., such evidence could have affected the outcome of the trial. Therefore, Hulett has shown a cognizable interest in discovery of the file which must be balanced against the State's interest in non-disclosure of the information contained in the file.

The counselor testified, in essence, that breaching the confidentiality of the victim's counseling sessions in this case would frustrate the Family and Children Services Agency's purpose in assisting other persons who may seek the aid of the Agency. While the State has a legitimate interest in fostering counseling services for those in need, the State has not shown that this interest is paramount to Hulett's interest in preparing his defense. *See, Sturgill v. State, supra,* 497 N.E.2d 1070.

■ Although the counselor had indicated that in her personal opinion the file contained no information which would impact upon the issues to be resolved, such relevancy and materiality determinations are to be made by judges in light of controlling legal principles. In this regard a ruling upon relevancy grounds would seem to be based upon sheer speculation as to what the file might or might not contain. Here, as in *Sturgill, supra,* 497 N.E.2d 1070, an in-camera inspection of the file would have disclosed the contents. Without such inspection, it was not possible for the trial court to exercise its discretion in ruling upon the presence of discoverable evidence as opposed to irrelevant or immaterial matter. The trial court erred in this regard.

The trial court also ruled that the file was non-discoverable because tendering the discovery matter would be oppressive and burdensome. The only testimony support-

ing the court's ruling in this regard is that of the counselor who testified that she would find it difficult to excise matters concerning people other than A.S. with only three or four days notice.

The concern with excising information about other people from the file relates more to whether the information is relevant than to whether it is burdensome. As previously discussed, the court could have resolved this question by conducting an in-camera inspection of the file.

We hold that the trial court erred in not conducting an in-camera inspection of the file and allowing the defendant discovery of any information relevant to the preparation of his defense. *Pennsylvania v. Ritchie* (1987) 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40.

The judgment is reversed and the cause is remanded for a new trial.

BUCHANAN and MILLER, JJ., concur.